LUTHER A. MADISON AND ESTHER R. MADISON, HUSBAND AND WIFE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 68414.    Filed September 30, 1957.

*Walter K. Leong, Esq.*, for the petitioners.
*Robert C. Whitley, Esq.*, for the respondent.

OPINION.

MURDOCK, *Judge:* The Commissioner filed a motion on August 13, 1957, to dismiss the petition in this case for lack of jurisdiction because the petition was not filed within 90 days after the mailing of the notice of deficiency, as provided by section 6213 (a) of the Internal Revenue Code of 1954. The motion was set for hearing and called for that purpose on September 18, 1957, at which time a memorandum in opposition to the motion was filed in lieu of appearance for the petitioners.

The notice of deficiency was mailed to the petitioners by registered mail on March 11, 1957. The 90-day period expired on June 10, 1957. The petition was received and filed by the Tax Court on June 24, 1957. That was 14 days after the 90-day period had expired.

Section 7502 of the Internal Revenue Code of 1954 provides that if a petition is received by the Tax Court after the expiration of the 90-day period, "the date of the United States postmark stamped on the cover in which * * * [the petition] is mailed shall be deemed to be the date of delivery" if the postmark date is within the statutory 90-day period. That section cannot be and was not intended to be satisfied unless a postmark date has been stamped on the "cover." [1] No postmark date was ever stamped upon the "cover" in which the present petition was mailed to the Tax Court. Thus, the late filing is not saved by a postmark date on the cover.

Counsel for the petitioners, in his memorandum in opposition to the granting of the Commissioner's motion, seems to have the erroneous idea that a petition is timely filed if it was placed in a United States mailbox before the expiration of the 90 days, and he has attached to that memorandum sworn statements that the envelope containing the petition in this case (as well as envelopes containing the petitions of two others) was placed in a United States mailbox in front of the United States Post Office, Wilshire-LaBrea Station, at 225 South LaBrea, Los Angeles, California, at approximately 10:15 p. m. on Saturday night, June 8, 1957. The statute does not make the filing date depend upon when the cover containing the petition was placed in a United States mailbox.

The Commissioner's regulations on the 1954 Code in section 301.7502–1 provide that if the postmark is not legible, the petitioner has the burden of proving the date on which the postmark was stamped on the cover. There is no question here of the legibility of "the date of the United States postmark stamped on the cover in which" the petition in this case was mailed. The envelope in question was properly stamped and addressed to the Tax Court. The stamps on the envelope were canceled by black wavy lines between which "Los Angeles" appears at intervals, but no date is included in the cancellation of the stamps and no postmark date was ever stamped on the envelope by the Post Office Department. Furthermore, there is no offer of evidence either that a date was postmarked on the envelope or what such date might have been. Obviously, a chance was taken that a postmark date within the 90-day period would not appear on the envelope containing the petition when the envelope was placed in a mailbox on the street late Saturday night, June 8. Congress provided in section 7502 a means whereby petitioners can eliminate the risk that no postmark

---

[1] See H. Rept. No. 1337, p. A 434, and S. Rept. No. 1622, p. 615, 83d Cong., 2d Sess.

date would be stamped on an envelope mailed by ordinary mail. It provides for the acceptance of the date of registration of registered mail as the postmark date, but the petitioners did not avail themselves of this safety measure.

The petition was not filed within the period allowed by law and, therefore, an order has been entered granting the Commissioner's motion to dismiss and dismissing the case for lack of jurisdiction.

