*Decision will be entered under Rule 50.*

C. LOUIS WOOD AND HALLIE D. WOOD, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 3030–63.  Filed January 29, 1964.

*Jack D. Swaner*, for the petitioners.
*Roger A. Pott*, for the respondent.

594

Section 6213(a), I.R.C. 1954, provides that within 90 days after the notice of deficiency is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. This provision has long been held to be jurisdictional and the Tax Court has no jurisdiction unless the petition is timely filed. *Nathaniel A. Denman*, 35 T.C. 1140 (1961); *Bloch v. Commissioner*, 254 F. 2d 277 (C.A. 9, 1958). Prior to 1954 this generally meant actually filing in the Tax Court. The petition here was not actually filed in the Tax Court within the prescribed time nor is there any evidence that it was placed in the mail in time to reach the Tax Court, in the ordinary course of the mails, within the prescribed time. Thus, petitioners have not shown compliance with the general rule.

In 1954 Congress enacted section 7502 of the 1954 Code to alleviate some of the hardships resulting from a strict application of the above rule. *Bloch v. Commissioner, supra.*

Section 7502(a) of the Code provides that if a document required to be filed within a prescribed time by the internal revenue laws is delivered by United States mail to the proper office after such date, the

date of the United States postmark stamped on the cover in which the document is mailed shall be deemed to be the date of delivery, but only if the postmark date falls within the prescribed period and the document was deposited in the mail in the United States within the prescribed time in an appropriate cover, postage prepaid, and properly addressed. The cover here involved bore no postmark date so the provisions of section 7502(a) will not help petitioners.

To permit a taxpayer to avoid the risk that a document placed in the mail would not be postmarked, Congress added section 7502(c)(1), which provides that if such document is sent by United States registered mail, such registration shall be prima facie evidence that it was delivered to the office to which addressed and the date of registration shall be deemed the postmark date. The document here involved was not sent by registered mail so petitioners are not aided by this section.

After the advent of certified mail, which is less expensive than registered mail, Congress enacted section 7502(c)(2) of the Code, as a part of the Technical Amendments Act of 1958 (sec. 89(a)). This section simply authorized the Secretary or his delegate to provide by regulations the extent to which the provisions of section 7502(c)(1) with respect to prima facie evidence of delivery and the postmark date shall apply to certified mail. The committee report dealing with this section of the Act (H. Rept. No. 775, 85th Cong., 1st Sess., p. 47 (1957), 1958-3 C.B. 857) indicates that the Treasury Department had advised the committee that the authority granted it by this provision would be exercised only if the Post Office Department prescribed regulations requiring that the postal employee who postmarks a sender's receipt for certified mail actually mails the letter or other document.

Section 301.7502-1, Proced. and Admin. Regs., as amended with respect to certified mail in 1960 (T.D. 6444, 1960-1 C.B. 673), provides that a sender who relies on the postmark date assumes the risk that the postmark will bear a date on or before the last date for filing the document, but in paragraph (c)(2) thereof provides further that if the document is sent by United States certified mail and the sender's receipt is postmarked by the postal employee to whom such document is presented, the date of the United States postmark on such receipt shall be treated as the postmark date of the document (and hence the filing date). It is upon this latter provision that petitioners rely.

Petitioners did not produce the sender's certified mail receipt properly and timely postmarked as required by the regulation, but claimed that it was lost. In support of their position, however, they offered the testimony of Vivian Watkins, sister and partner of the

individual who prepared the petition, and Hallie D. Wood, one of the petitioners herein, to prove by oral evidence that the requirements of the regulation had been complied with. Summarized, their testimony was that Vivian Watkins took the petition and copies thereof to petitioners' place of business in Fort Bragg sometime after 4 p.m. on June 26, 1963; that petitioners thereupon accompanied Vivian to the office of a notary public where they signed and acknowledged the petition; that Hallie, accompanied by Vivian, then took the petition in an envelope to the post office in Fort Bragg and handed it to the postal clerk; that Hallie asked for the proper amount of postage stamps and for a certified mail sticker and receipt; that Hallie filled out the sender's certified mail receipt and handed it to the postal clerk with instructions to make sure that both the receipt and the envelope were postmarked; that the clerk stamped the postmark on the sender's receipt and handed it back to Hallie, keeping the envelope; that Hallie thereupon gave the receipt to Vivian to put into petitioners' file in the Watkins' office; that Vivian returned to her office and placed the receipt in petitioners' file; and that when called upon to produce the receipt, it could not be found after a diligent search of the files in the Watkins' office and of Vivian's pocketbooks. Hallie also testified she searched the files in petitioners' place of business and her own pocketbooks for the receipt, without success. Neither the postal clerk nor Vivian's husband was called as a witness.

The method of handling certified mail is explained in detail in the opinion of this Court in *Nathaniel A. Denman, supra,* to which reference is hereby made. Certified mail stickers and receipts can be purchased at the post office by anyone and attached to mail which is dropped in a mail chute. But if the sender wants his receipt postmarked by the post office, which is required by the regulation, he must take it to the post office and deliver it to a postal employee who stamps the receipt. The postal employees are instructed to first compare the addresses on the receipt and the envelope, check the postage stamps on the envelope, and then postmark first the envelope and then the sender's receipt. The receipt is returned to the sender and the clerk retains the envelope and starts it through the mails.

In *Luther A. Madison,* 28 T.C. 1301 (1957), this Court pointed out that proof of timely placing the petition in the mails does not satisfy the provision in section 7502(a) that the postmark date will control unless a timely postmark date is stamped on the cover. And in *Boccuto* v. *Commissioner,* 277 F. 2d 549 (C.A. 3, 1960), affirming an unpublished order of dismissal of this Court, the Court of Appeals held that a certified mail receipt properly and timely postmarked could not be substituted for the untimely postmark appearing on the cover, because at the time the document was mailed (1959) the reg-

ulations implementing section 7502(c)(2) had not been issued. In its opinion the Court of Appeals noted that unless a taxpayer can fit himself within one of the statutory exceptions, he is bound by the general rule.

In *Nathaniel A. Denman, supra,* decided after the regulations were issued, the petition was due on February 12, the document was received and filed by the Tax Court on February 20, and the cover was postmarked February 17. The cover bore a certified mail sticker and taxpayers produced the sender's receipt detached from the sticker which was not postmarked but had typed on it the date "February 12." This Court granted a motion to dismiss, pointing out that petitioner did not take advantage of section 7502(c)(2) and the regulation issued pursuant thereto by having the sender's receipt postmarked— but instead, according to his own testimony, dropped it in the mail chute after the windows for mailing closed. The Court said: "It makes no difference when he placed it there since he did not have his sender's receipt postmarked."

While we recognize that the above cases are not all directly in point here, we cite them to indicate that this and other courts have required strict compliance with the terms of the statute and the regulations to take advantage of the exceptions contained in section 7502 of the Code. While we are reluctant to deprive any taxpayer of his day in this Court, the 90-day filing requirement is jurisdictional and, unless rather strictly applied, the provisions of section 7502 would render the general provisions of the law and the regulations issued thereunder meaningless. Under circumstances similar to those we have in this case, unless taxpayers are held to strict proof of compliance with the statute and regulations, the temptation would be great to conveniently misplace the sender's receipt for certified mail and attempt to prove by virtually uncontestable oral testimony of the sender, who would in most cases be prejudiced, that the receipt was postmarked on time.

We are not holding that under no circumstances can the taxpayer come within section 7502(c)(2) without producing a timely and properly postmarked sender's receipt for certified mail, but we think the evidence in support of compliance must be more convincing than it is in this case.

We do not doubt that this petition was placed in the United States mail on Wednesday, June 26 or soon thereafter. It was delivered to the Tax Court in Washington, D.C., on Monday, July 1 and would probably have taken that long to get from California to Washington in the regular course of the mails. But, as we have pointed out above, that is not enough. Either the cover must have been postmarked on or before June 27 or it must have been delivered to a postal employee for

mailing by certified mail on or before June 27, and the postal employee must have postmarked the sender's receipt with a postmark bearing a date on or before June 27. It seems highly unlikely that had the cover containing the petition been delivered to a postal clerk under the circumstances described by the witnesses that he would have failed to stamp the postmark on the cover. It must be presumed that the postal clerk duly performed his official duty; and his instructions are rather explicit on this point. But in addition the witnesses testified that Hallie specifically asked him to make sure that the postmark was affixed. Under the circumstances it seems to us that the coincidence of the absence of a postmark on the cover and the disappearance of the sender's receipt is too convenient.

On the evidence presented we cannot make a finding that the sender's receipt for certified mail was postmarked by a postal employee on or before June 27, 1963. Without such, and in the absence of a postmark on the covering envelope, the date the petition was received and filed in the Tax Court must be considered the date the petition was filed. That date was 94 days after the notice of deficiency was mailed to petitioners. Consequently, the petition was not timely and this Court has no jurisdiction, so respondent's motion to dismiss is granted.

The case is dismissed for lack of jurisdiction.