*Decisions will be entered under Rule 50.*

JACOB L. RAPPAPORT, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 2415–70.     Filed February 1, 1971.

Jacob L. Rappaport, pro se.
*Ronald A. Wagenheim* and *Marwin A. Batt*, for the respondent.

## OPINION

TANNENWALD, *Judge:* This case is before us on a motion to dismiss the petition herein for lack of jurisdiction.

Petitioner's legal residence was New York, N.Y., at the time of the filing of the petition.

A statutory notice of deficiency in Federal income tax was mailed to petitioner on January 23, 1970. It asserted deficiencies as follows:

| Year | Deficiency | Addition to tax, sec. 6653(a) |
|------|-----------|--------------------------------|
| 1964 | $45, 844. 56 | |
| 1965 | 16, 638. 22 | $831. 91 |

At 7:30 p.m. on April 23, 1970 (a Thursday), the 90th day after the statutory notice was mailed, petitioner deposited an envelope containing his petition in the Grand Central Post Office, located at Lexington Avenue and 45th Street, New York, N.Y. The envelope was properly addressed and had the proper postage affixed. It was not received and the petition was not filed until after the 90-day period provided by section 6213(a)[1] had expired. The envelope bore no postmark.

The question before us is whether petitioner should be afforded the opportunity to present evidence as to when the envelope would have been postmarked by the U.S. Post Office. If the requirement of a postmark is the sine qua non of timely filing, such evidence would be irrelevant.

Section 7502[2] provides the circumstances under which timely mailing, as against timely receipt, will be considered as satisfying the requirements for timely filing. Respondent maintains that this section does not apply unless the mailing wrapper contains a postmark. Since the envelope herein did not have any postmark, respondent contends

---

[1] All references are to the Internal Revenue Code of 1954, as amended.

[2] SEC. 7502. TIMELY MAILING TREATED AS TIMELY FILING AND PAYING.

(a) GENERAL RULE.—

(1) DATE OF DELIVERY.—If any return, claim, statement, or other document required to be filed, or any payment required to be made, within a prescribed period or on or before a prescribed date under authority of any provision of the internal revenue laws is, after such period or such date, delivered by United States mail to the agency, officer, or office with which such return, claim, statement, or other document is required to be filed, or to which such payment is required to be made, the date of the United States postmark stamped on the cover in which such return, claim, statement, or other other document, or payment, is mailed shall be deemed to be the date of delivery or the date of payment, as the case may be.

(2) MAILING REQUIREMENTS.—This subsection shall apply only if—

(A) the postmark date falls within the prescribed period or on or before the prescribed date—

(i) for the filing (including any extension granted for such filing) of the return, claim, statement, or other document or

(ii) for making the payment (including any extension granted for making such payment), and

(B) the return, claim, statement, or other document, or payment, was, within the time prescribed in subparagraph (A), deposited in the mail in the United States in an envelope or other appropriate wrapper, postage prepaid, properly addressed to the agency, officer, or office with which the return, claim, statement, or other document is required to be filed, or to which such payment is required to be made.

(b) POSTMARKS.—This section shall apply in the case of postmarks not made by the United States Post Office only if and to the extent provided by regulations prescribed by the Secretary or his delegate.

that petitioner must fail because his petition was not timely received. We have regretfully concluded that respondent's motion should be granted.

In a series of decisions, this Court has consistently taken the position that the requirement of a postmark is essential to obtaining the benefits of section 7502(a). Thus, in *Luther A. Madison*, 28 T.C. 1301 (1957), we pointed out "That section [7502] cannot be and was not intended to be satisfied unless a postmark date has been stamped on the 'cover.'" See 28 T.C. at 1302. Again, in *C. Louis Wood*, 41 T.C. 593 (1964), affd. 338 F. 2d 602 (C.A. 9, 1964), we stated that "The cover here involved bore no postmark date so the provisions of section 7502(a) will not help petitioners" and that "To permit a taxpayer to avoid the risk that a document placed in the mail would not be postmarked, Congress added section 7502(c)(1)." See 41 T.C. at 595.[3] While there are factual distinctions between these cases and the instant situation, the foundation for decision is clear.

We recognize that there may be some logical inconsistency between the rule applicable where there is no postmark at all and the rationale of the cases which permit a taxpayer, in the situation where there is an illegible postmark, to sustain his burden by submitting evidence of time of mailing to prove when the postmark was made. *Skolski* v. *Commissioner*, 351 F. 2d 485 (C.A. 3, 1965), reversing and remanding an unreported order of this Court; *Alexander Molosh*, 45 T.C. 320 (1965); sec. 301.7502–1(c)(1)(iii)(a), Income Tax Regs. But the fact remains that, in the latter category of cases, there is a postmark, so that there is at least prima facie compliance with the requirements of section 7502(a).

After careful consideration, we have concluded that we should continue to adhere to our position that the risk of postmarking is on the taxpayer. *C. Louis Wood*, *supra*. See *Rich* v. *Commissioner*, 250 F. 2d 170, 174 (C.A. 5, 1957). We note that petitioner had available to him the alternative methods of registered or certified mail and that, in any event, he will still be able to have his day in court by paying the deficiency and bringing suit for refund.

We hold that evidence as to when the envelope containing the petition in this case would have been postmarked in the normal course of the business of the U.S. Post Office Department is irrelevant and immaterial and therefore inadmissible. Consequently, respondent's motion to dismiss for lack of jurisdiction will be granted.

Reviewed by the Court.

*An appropriate order will be entered.*

---

[3] See also *Hugh Boyd*, T.C. Memo. 1964–265.