PAUL RUEGSEGGER AND FREYA D. RUEGSEGGER, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 3057–76. Filed July 11, 1977.

*Warren Kahn,* for the petitioners.
*Jack H. Klinghoffer,* for the respondent.

OPINION

IRWIN, *Judge:* This matter is before us on respondent's "Motion to Dismiss for Lack of Jurisdiction" filed May 25, 1976. It is respondent's contention that the petition in this case was not filed within the time prescribed by section 6213(a) of the Internal Revenue Code of 1954.[1]

Respondent mailed a statutory notice of deficiency to petitioners on January 9, 1976. The last day for timely filing a petition under section 6213(a) was Thursday, April 8, 1976, which was not a legal holiday in the District of Columbia.

Petitioners' petition was received through the mail in the Tax Court mailroom on Monday, April 12, 1976, and stamped accordingly at 8:16 a.m. Such date was 94 days after the mailing of the notice of deficiency. At 9:50 a.m. that same day the petition was stamped "Filed" by one of the employees in the petition section of the Court.

The envelope containing the petition was mailed in New York, N.Y., petitioners' residence at the time of filing, but bore no postmark on its arrival at the Court. The envelope was properly addressed and had a sufficient amount of postage attached.

The petition was obviously not received by the Court within the 90-day period prescribed in section 6213(a). Accordingly, petitioners' only avenue of relief is section 7502. Section 7502 provides that a petition received through the course of the mail after the 90-day period will be deemed filed on the date

---

[1] All statutory references hereafter refer to the Internal Revenue Code of 1954 as amended.

of the postmark on the envelope containing the petition if such postmark bears a timely date.

The question before us is not new. We must decide whether evidence of timely mailing is admissible as evidence of timely filing in the absence of a postmark on the envelope in which the petition was mailed. We have spent many long and tumultuous hours considering this issue in the past, with the result that the Court is strongly divided on the merits. See *Sylvan v. Commissioner,* 65 T.C. 548 (1975). It is not our intention to reconsider the issue at this time. Rather, we are simply confronted with the consequences flowing from the *Sylvan* decision.

In *Sylvan* we overruled our decision in *Rappaport v. Commissioner,* 55 T.C. 709 (1971), affd. in open court without opinion 456 F.2d 1335 (2d Cir. 1972), and held that evidence of the date of mailing was admissible to show the date of the postmark which would have been stamped on the envelope containing the petition had the postal workers performed their duties properly.

Respondent raises the issue, however, whether, under the rule expressed in *Golsen v. Commissioner,* 54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971), cert. denied 404 U.S. 940 (1971), we must follow our decision in *Rappaport* rather than our decision in *Sylvan.*

In *Golsen* we held "that better judicial administration requires us to follow a Court of Appeals decision which is squarely in point where appeal from our decision lies to that Court of Appeals and to that court alone." (Fn. refs. omitted.) The *Golsen* rule was fashioned to promote efficient and harmonious judicial administration. It was created by this Court through the exercise of sound judgment and has been closely adhered to ever since.

Underlying the *Golsen* rule is the belief that the Court of Appeals to which an appeal lies will follow its own prior opinion on the issue in question at least in part on principles of stare decisis. However, the doctrine of stare decisis has less significance in areas involving important jurisdictional questions. See *Sylvan v. Commissioner, supra.*

In *Swift & Co. v. Wickham,* 382 U.S. 111 (1965), the Supreme Court addressed a question involving the jurisdiction of three-judge District Courts. In deciding not to follow its

decision of 3 years earlier in *Kesler v. Dept. of Public Safety,* 369 U.S. 153 (1962), the Court said:

candor compels us to say that we find the application of the *Kesler* rule as elusive as did the District Court, and that we would fall short in our responsibilities if we did not accept this opportunity to take a fresh look at the problem. We believe that considerations of *stare decisis* should not deter us from this course. Unless inexorably commanded by statute, a procedural principle of this importance should not be kept on the books in the name of *stare decisis* once it is proved to be unworkable in practice; * * * [382 U.S. at 116.]

Cf. *Gonzalez v. Employees Credit Union,* 419 U.S. 90, 95 (1974).

While the rule in *Rappaport* is not "unworkable" in the sense that the *Kesler* rule was unworkable for the Supreme Court, the opinion in *Swift & Co.* at least diminishes the importance of stare decisis in matters involving a court's jurisdiction.

Moreover, the Second Circuit has indicated that its affirmances in open court without opinion have no precedential value whatever. In *United States v. Joly,* 493 F.2d 672 (2d Cir. 1974), the court discussed the precedential value of two of its prior decisions rendered without opinion and said:

Appellant discounts their precedential value entirely, relying on our recently adopted local rule §0.23,[2] * * *

We believe that appellant is wholly correct on this point. Although the rule refers to "statements" rather than decisions, its clear intent—contrary to the interpretation urged upon us by the Government—is that the decisions themselves shall also have no effect as stare decisis. * * * [493 F.2d at 675–676.]

Because the affirmance of *Rappaport* by the Second Circuit does not have any precedential value either in this Court or in

---

[2] Sec. 0.23, Rules of the United States Court of Appeals for the Second Circuit, supplementing Fed. R. App. P. sec. 0.23, states:

Sec. 0.23. *Dispositions In Open Court Or By Summary Order:* The demands of an expanding caseload require the court to be ever conscious of the need to utilize judicial time effectively. Accordingly, in those cases in which decision is unanimous and each judge of the panel believes that no jurisprudential purpose would be served by a written opinion, disposition will be made in open court or by summary order.

Where a decision is rendered from the bench, the court may deliver a brief oral statement. Where disposition is by summary order, the court may append a brief written statement to that order. Since these statements do not constitute formal opinions of the court and are unreported and not uniformly available to all parties, they shall not be cited or otherwise used in unrelated cases before this or any other court. [Fn. ref. omitted.]

the Second Circuit, we do not feel bound to follow it under the rule of *Golsen v. Commissioner, supra.*

We choose then to follow our decision in *Sylvan v. Commissioner* and admit evidence of the date of mailing of the petition. We are mindful, however, that the date of mailing is only circumstantial evidence of the date of the postmark which should have been stamped on the envelope containing the petition. And it is the date of the postmark which governs the applicability of section 7502. *Thompson v. Commissioner,* 66 T.C. 737, 741 (1976); *Estate of Moffat v. Commissioner,* 46 T.C. 499 (1966); *Molosh v. Commissioner,* 45 T.C. 320 (1965); *Madison v. Commissioner,* 28 T.C. 1301 (1957).[3]

At the hearing on this motion a law clerk for petitioners' attorneys testified that he deposited the envelope containing the petition in a mailbox at approximately 8:10 p.m. on Wednesday, April 7, 1976. Respondent's witness, a postal employee, testified that petitioners' envelope, if mailed when indicated, would have been collected the following day. We take this to mean that the envelope would have received a postmark of April 8, 1976, the 90th day following the mailing of the notice of deficiency, had the postal authorities properly stamped the envelope with a postmark.[4]

Respondent's witness also testified that mail picked up *before* 5 p.m. in New York City would ordinarily arrive in Washington, D.C., in time for delivery the next day. He concluded that if petitioners' letter had been mailed at 8:10 p.m. on Wednesday, April 7, it would ordinarily have arrived at the Court on Friday, April 9.

The ordinary amount of time that mail takes in going from New York City to Washington, D.C., is probative evidence of the time the document was mailed. It is not, however, conclusive. See sec. 301.7502–1(c)(iii)(*a*), Proced. & Admin. Regs., relating to postmarks made by the United States Post Office.[5] Further, mail arriving in Washington, D.C., on a

---

[3] See also *Boyd v. Commissioner,* T.C. Memo. 1964–265.

[4] See *Sylvan v. Commissioner, supra* at 554 n. 12; *Skolski v. Commissioner,* 351 F.2d 485, 488 (3d Cir. 1965).

[5] Contrast sec. 301.7502–1(c)(iii)(*b*), Proced. & Admin. Regs., which utilizes the ordinary time of transit as a definitive standard in determining timely filing where postmarks other than those made by the U.S. Post Office are used. Since the theory of *Sylvan* is that "no postmark" cases should be treated the same as "illegible postmark" cases, we believe the regulation cited in the text applies.

Saturday or Sunday is not delivered to the Court until the following Monday. See *Mason v. Commissioner,* 68 T.C. 354 (1977); *Leventis v. Commissioner,* 49 T.C. 353, 355 (1968).

Because of our opinion in *Sylvan,* decisions in this area necessitate evaluating credibility and weighing evidence. Based on the evidence presented at the hearing on this motion and the entire record in this case, we believe that the petition herein was timely mailed on Wednesday, April 7, 1976, and would have been timely postmarked (no later than Thursday, April 8, 1976) but for an oversight on the part of postal employees.

Respondent relies on *Wood v. Commissioner,* 41 T.C. 593 (1964), affd. 338 F.2d 602 (9th Cir. 1964), for the proposition that showing the date of mailing is insufficient to show timely filing. In that case the taxpayer mailed the petition by certified mail on the 89th day following the filing of the notice of deficiency "or soon thereafter." The petition was received by the Court on the 94th day. In finding the petition untimely, we said:

We are not holding that under no circumstances can the taxpayer come within section 7502(c)(2) without producing a timely and properly postmarked sender's receipt for certified mail, but we think the evidence in support of compliance must be more convincing than it is in this case.

We do not doubt that this petition was placed in the United States mail on Wednesday, June 26 or soon thereafter. It was delivered to the Tax Court in Washington, D.C., on Monday, July 1 and would probably have taken that long to get from California to Washington in the regular course of the mails. But, as we have pointed out above, that is not enough. Either the cover must have been postmarked on or before June 27 or it must have been delivered to a postal employee for mailing by certified mail on or before June 27, and the postal employee must have postmarked the sender's receipt with a postmark bearing a date on or before June 27. It seems highly unlikely that had the cover containing the petition been delivered to a postal clerk under the circumstances described by the witnesses that he would have failed to stamp the postmark on the cover. It must be presumed that the postal clerk duly performed his official duty; and his instructions are rather explicit on this point. But in addition the witnesses testified that Hallie specifically asked him to make sure that the postmark was affixed. Under the circumstances it seems to us that the coincidence of the absence of a postmark on the cover and the disappearance of the sender's receipt is too convenient.

On the evidence presented we cannot make a finding that the sender's receipt for certified mail was postmarked by a postal employee on or before June 27, 1963. Without such, and in the absence of a postmark on the covering emvelope, the date the petition was received and filed in the Tax

Court must be considered the date the petition was filed. That date was 94 days after the notice of deficiency was mailed to petitioners. Consequently, the petition was not timely and this Court has no jurisdiction, so respondent's motion to dismiss is granted. [41 T.C. at 597–598.]

While there was some notion that the sine qua non of section 7502 was the presence of a postmark at the time *Wood* was decided, the decision is really based on a matter of proof. And casting doubt on petitioners' evidence in that case was the fact that the absence of the postmark therein was attributable to the taxpayers' own doing. Such is not our case. Moreover, since the question before us is simply a matter of proof, each case must be decided on its own peculiar facts and evidence. In affirming our decision in *Wood,* the Court of Appeals for the Ninth Circuit said:

Without questioning the admissibility of secondary evidence of the alleged lost certified mail receipt we are of the view that the presentation of the testimony here referred to presented to the Tax Court a question as to the credibility of that testimony. We know of no rule that uncontradicted testimony must be accepted by a court finding the facts, particularly where, as here, the testimony is given by interested parties. These parties appeared in person before the Tax Court and the court had the opportunity to note the demeanor and manner of testifying of the witnesses, the mode in which they responded to questions on cross-examination, their readiness to answer or hesitation as the case may be, and all these are matters as to which we have no equal opportunity of judging. * * * [338 F.2d at 605.]

We believe that all of the witnesses in the present case were credible. We have no reason to doubt the truth of their testimony. Cf. *Mason v. Commissioner, supra; Thompson v. Commissioner, supra* at 741–742. After weighing all of the evidence presented, we conclude that petitioners have met their burden of proof.

*An appropriate order will be issued.*