ORLANDO R. ALLEN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Allen v. Commissioner
Docket No. 11352-77.
United States Tax Court
T.C. Memo 1979-68; 1979 Tax Ct. Memo LEXIS 459; 38 T.C.M. (CCH) 291; T.C.M. (RIA) 79068; February 28, 1979, Filed Orlando R. Allen, pro se. Gordon F. Moore II, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: Respondent determined a deficiency in petitioner's income tax for the calendar year 1975 in the amount of $ 676.09. The adjustment resulting in this deficiency was the disallowance by respondent of a claimed deduction by petitioner of $ 3,500 as a charitable contribution. Petitioner filed a timely petition in which he assigned error in respondent's disallowance of the deduction, and as a basis for this assignment of error, alleged that: The entity to which the money was donated is an unincorporated association conducting business to further the cause of the religion of Al-Islam. All money donated was used for religious purposes. On December 7, 1978, petitioner filed a motion to compel stipulation, Rule 91(f), to which was attached a copy of petitioner's proposed stipulation. On December 8, 1978, this Court entered an order *461 to show cause under Rule 91(f) of the Tax Court Rules of Practice and Procedure. This order, which was served on the parties on December 11, 1978, directed respondent to file a written response as provided in Rule 91(f)(2) on or before January 2, 1979, and to show cause at 10:00 a.m. on January 10, 1979, why the facts and evidence set forth in petitioner's proposed stipulation of facts should not be accepted as established for the purposes of this case. On January 2, 1979, respondent mailed to this Court, in a properly addressed enveloped, by certified mail, a response to the Court's order to show cause dated December 8, 1978, with a certificate of service attached thereto certifying that a copy of the document had been served upon petitioner by mailing the same to him on December 29, 1978, in a postage-paid wrapper at a listed address, which is the admitted correct address of petitioner. Respondent's response to the order to show cause was received by the Court on January 4, 1979. At the hearing on the order to show cause on January 10, 1979, respondent appeared by counsel and petitioner filed a written statement in lieu of appearance in which he requested an order under Rule *462 91(f)(3) of the Tax Court Rules of Practice and Procedure that the facts proposed to be stipulated be deemed stipulated since respondent had failed to file a response in accordance with the order of this Court dated December 8, 1978. After having been informed by a member of the staff of the Clerk of the Court of the response filed by respondent and received by the Court on January 4, 1979, petitioner sent a further statement in lieu of personal appearance to the Court requesting that the relief he requested under Rule 91(f)(3) be granted since respondent's response was untimely. A hearing was held on January 10, 1979, at which respondent's counsel argued in detail the objections he had to petitioner's proposed stipulation. On January 19, 1979, the Court entered an order deeming certain facts contained in petitioner's proposed stipulation to be stipulated, ordering that no other facts set forth in petitioner's proposed stipulation be deemed to be stipulated or admitted by respondent, and directing that the parties meet for the purpose of preparing a proper stipulation of facts with respect to certain matters encompassed in petitioner's proposed stipulation of facts. On January 23, 1979, petitioner *463 filed a motion to strike respondent's response to the Court's order to show cause dated December 8, 1978, which assigned as grounds therefor that this Court lacked jurisdiction to entertain the response filed by respondent and received by the Court on January 4, 1979, since petitioner had not received a copy of the response until January 17, 1979, which copy had been mailed by the office of the Clerk of this Court to petitioner on January 16, 1979, pursuant to petitioner's request. Petitioner stated in this motion that also on January 17, 1979, he had received a copy of the response mailed to him on January 16, 1979, by respondent's counsel. Petitioner's motion filed January 23, 1979, was set for hearing at Philadelphia, Pennsylvania, on January 30, 1979. This was the same date that the case had been set for trial and a motion by petitioner to continue the trial had been set for hearing. On January 30, 1979, the case was called on petitioner's motions and for assignment of trial date. Petitioner's motion for continuance was denied, and a hearing was held on petitioner's motion to strike respondent's response to the order to show cause dated December 8, 1978. The hearing on *464 petitioner's motion was held on January 30, 1979, and the motion set for further hearing before the Court and the case was set for trial on January 31, 1979. When the case was again called on January 31, 1979, respondent appeared by counsel and there was no appearance by and on behalf of petitioner. At the hearing on January 31, 1979, respondent introduced evidence to show that on December 29, 1978, his response to the Court's order to show cause was mailed to petitioner in an envelope, postage prepaid, properly addressed to petitioner's address. Respondent at this hearing filed a motion to dismiss this case and determine the deficiency as set forth in the notice of deficiency on the ground of petitioner's failure to properly prosecute the case. The Court took under advisement petitioner's motion to strike and respondent's motion to dismiss and determine the deficiency as set forth in the notice of deficiency. The record of the hearing held with respect to petitioner's motion on January 30, 1979, shows that petitioner's failure to appear was not inadvertent but rather was because of petitioner's insistence that his motion to strike was proper and that all of the statements contained *465 in his proposed stipulation, including an agreement that the case be submitted under Rule 122 of the Tax Court Rules of Practice and Procedure without further trial, and the conclusionary statements that petitioner was entitled to the deduction claimed for the charitable contribution should be deemed stipulated. The basis of petitioner's contention was that Rule 91(f)(2) of the Tax Court Rules of Practice and Procedure required respondent to file a response to the order to show cause with the Court, "with proof of service of a copy thereof on opposing counsel or the other parties," and that respondent had not complied with this rule. Petitioner argued that failure on the part of respondent to comply with this rule was jurisdictional and that he did not intend to appear to further prosecute the case, but rather chose to stand on his motion and his contention with respect to the Court's jurisdiction so that he might have the opportunity to appeal to a United States Circuit Court of Appeals from the ruling of the Court with respect to the deeming of his statements in his proposed stipulation to be admitted. The record in this case shows that petitioner resided in Philadelphia, Pennsylvania, *466 at the time his petition in this case was filed. We also accept as a fact in this case the statement contained in an affidavit attached to petitioner's motion to strike respondent's response to the Court's order to show cause dated December 8, 1978, that petitioner did not receive the copy of the response to the order to show cause mailed to him in a properly addressed envelope by respondent on December 29, 1978. From petitioner's motion to strike respondent's response to the Court's order to show cause dated December 8, 1978, and statements made at the hearing on petitioner's motion, we gather that petitioner no longer contends that respondent's response was untimely, but rather relies for his contention that this Court lacks jurisdiction to consider respondent's response to the order to show cause dated December 8, 1978, on the fact that the response did not meet the requirement of Rule 91(f)(2) that the response filed with the Court be "with proof of service of a copy thereof on opposing counsel or the other parties." In any event, the record is clear that respondent mailed his response to the order to show cause to this Court by certified mail on January 2, 1979, which was *467 within 20 days of the service on him on December 11, 1978, of the order to show cause dated December 8, 1978, since the twentieth day, December 31, 1978, was a Sunday, and the twenty-first day, January 1, 1979, was a holiday in the District of Columbia. Also the response date stated in the Court's order of December 8, 1978, was January 2, 1979. Section 7502(a), I.R.C. 1954, [1] and the regulations issued pursuant thereto, specifically provide for timely mailing being treated as timely filing where delivery of the document is received by United States mail after the date of the filing and a proper certified mail certificate shows that it was mailed on or before the date required for its filing. The facts recited by petitioner to support his contention that this Court lacks jurisdiction to receive and consider respondent's response to the Court's order to show cause dated December 8, 1978, show that his contention is that if a taxpayer does not actually *468 receive a copy of the respondent's response to the order to show cause, respondent has not complied with the provision of Rule 91(f)(2) that the response filed with the Court be with proof of service of a copy thereof upon petitioner. The response filed by respondent had attached thereto the following certificate of service: This is to certify that a copy of the foregoing document has been served upon petitioner by mailing the same to him on December 29, 1978 in a postage paid wrapper at the following address: Mr. Orlando R. Allen 5538 West Thompson Street Phila., Pa. 19131 At the hearing on petitioner's motion, respondent offered evidence to show that a copy of the response was mailed to petitioner at the address stated in the certificate of service which was petitioner's proper address on December 29, 1978. Petitioner's argument is based on his belief that section 7502 applies to the service of a response and that, since the copy of the response mailed to him by respondent was not actually received by him, the provisions of that section are inapplicable. *469 Section 7502(a) clearly applies only to documents required to be filed under the provisions of the Internal Revenue laws with a Government agency or this Court. It is inapplicable to service by a party upon the other party by mailing a copy of the document to be served. Also petitioner is mistaken in his belief that failure of a party to comply with the provisions of Rule 91(f)(2) of the Tax Court Rules of Practice and Procedure is jurisdictional. Petitioner, in the memorandum in support of his position, cites Denman v. Commissioner,35 T.C. 1140 (1961), and Madison v. Commissioner,28 T.C. 1301 (1957), in which we held that were a petition was received after the 90-day period from the date of the mailing of the notice of deficiency as provided in section 6213 and it was not shwn to have been mailed by the ninetieth day, this Court lacked jurisdiction over the case. The underlying basis of these cases and the many other cases dealing with the issue of timely filing of a petition is that the jurisdiction of the Court is limited by statute and that where the provisions of section 6213 have not *470 been met, including a timely mailing within the requirements of section 7502, we are without statutory jurisdiction to hear the case. None of these cases has any bearing on the problem involved in the instant case. Here, respondent has shown by adequate proof that a copy of his response was mailed to petitioner at petitioner's proper address. In our view, this is adequate compliance with the provision of Rule 91(f)(2) that the response be filed with proof of service of a copy thereof on petitioner. However, even absent a proper showing of proof of service, there would exist no reason for this Court to apply the sanction of Rule 91(f)(3) of the Tax Court Rules of Practice and Procedure.Rule 91(f)(3) provides as follows: (3) Failure of Response: If no response is filed within the period specified with respect to any matter or portion thereof, or if the response is evasive or not fairly directed to the proposed stipulation or portion thereof, that matter or portion thereof will be deemed stipulated for purposes of the pending case, and an order will be entered accordingly. Here, *471 a response was filed within the specified period and no basis would exist for applying the provisions of Rule 91(f)(3). Furthermore, it has long been settled that this Court is empowered to waive strict compliance with its Rules of Practice. In Shults Bread Co. v. Commissioner,10 B.T.A. 268, 279 (1928), after a lengthy discussion of the power of a court to waive its own rules, we concluded as follows: We reach the conclusion that in a proper case it is within the sound discretion of the Board to waive strict compliance with a rule of practice of its own making, and in support of this view we find ample authority in the decisions of the courts and in precedents established by the Board. The conclusion in the case of Shults Bread Co. v. Commissioner,supra, has been consistently followed by this Court, and where good reason is shown, this Court has granted leave for late filing of any documents other than a petition which must be filed within the time required by statute. This Court has authority to waive compliance with its Rules of Practice where *472 in its discretion justice requires such action. The proposed stipulation, which was the subject of petitioner's Rule 91(f) motion, is lengthy, and in many instances, difficult to understand. Paragraph 75 proposes the following stipulation: The respondent agrees that the petitioner is entitled to all of the relief demanded in the Amended Petition and all facts and statements presented therein are true. Clearly, this proposed stipulation is a conclusion of law and it has long been settled that a stipulation which is an erroneous conclusion of law will not be given effect by this Court. Littauer et al., Executors v. Commissioner,25 B.T.A. 21 (1931); Handfield v. Commissioner,23 T.C. 633 (1955). The underlying facts which petitioner states in his proposed stipulation clearly indicate that if these underlying facts were accepted as true, the conclusion of law contained in paragraph 75 of petitioner's proposed stipulation is erroneous. The following are quoted from various paragraphs of petitioner's proposed stipulation: 8. On May 1, 1973, the *473 petitioner, Orlando R. Allen, Hajji A. R. Ahmad, Abdullah Y. Ali, Karima Ahmad and others entered into a written agreement forming thereby a Syndicate designated as "The Capital Executive Syndicate". * * *
27. In August, 1975, the Petitioner, Orlando R. Allen, entered into another written agreement in order to further the objects of the Syndicate Agreement. 28. This agreement called upon the parties to said agreement, Petitioner, Orlando R. Allen (whose Musim name is Abdullah Ali), Hajji A. R. Ahmad, Karima Ahmad and Abdullah Yunus Ali to register with the Internal Security Division, U.S. Dept. of Justice, Registration Section, Washington, D.C. as representatives of the International Muslim Community and to engage in acts aimed at changing U.S. Foreign Policy, under the Foreign Agents Registration Act of 1938, as amended and said registration was filed in August 1975. 29. On September 3, 1975, a message was sent to virtually every member of The U.S. Congress and the President of the U.S. on behalf of Muslims universally in which the officials of the U.S. Government were commanded to take note of and adhere to Sections 954, 955, 956, 957, 958, 959, 960, et al., of Title *474 18, United States Code. * * *
66. The petitioner herein, Orlando R. Allen, and his associates Hajji A. R. Ahmad, Abdullah Y. Ali and Karima Ahmad, as members of the Capital Executive Syndicate and as Registered Foreign Agents submitted testimony in writing to the Senate Foreign Relations Committee for inclusion in the published record of the hearings on two occasions with the following results: * * * These provisions of the proposed stipulation, had the proposed stipulation been accepted by the Court, absent some adequate explanation, would require a decision sustaining respondent's disallowance of petitioner's claimed charitable deduction alleged to have been made to "The Capital Executive Syndicate." Section 170(c) defines the term "charitable contribution" which is deductible by a taxpayer under section 170(a)(1) in the computation of his taxable income. [2] Under section 170(c)(2), [3] a gift to a corporation, trust, or community chest, fund, or foundation organized under the laws of the United States or any state which is operated exclusively for religious, charitable, or educational *475 purposes-- "no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation" is deductible. The abovequoted paragraphs which petitioner proposed be stiplated give the clear inference that the organization to which petitioner made a contribution was carrying on propaganda and attempting to influence legislation. *476 Without going into further detail, many of the other proposed items in petitioner's stipulation indicate a failure to comply with the requirements of section 170(c)(2). Also, the facts set forth in petitioner's proposed stipulation taken as a whole do not show the nature and activities of the organization to which petitioner made a contribution to an extent sufficient to show that it would come within the definitions in section 170(c) of organizations to which deductible "charitable contributions" may be made even absent the proposed facts indicating that it does not fall within these provisions. The Court, in its order dated January 19, 1979, specifically directed the parties to meet promptly for the purpose of preparing a stipulation of facts covering the subject matter encompassed in certain paragraphs of petitioner's proposed stipulation which the Court considered to bear on the issue raised by the petition in this case of petitioner's entitlement to a deduction of a charitable contribution. Petitioner chose not to follow this direction of the Court, but rather to rest on the argument that respondent's response to the order to show cause should be stricken and under Rule *477 91(f)(3) the facts set forth in his proposed stipulation should be deemed admitted. At the hearing, when the Court did not grant petitioner's motion but set it for further hearing and set the case at the same time for trial, petitioner notified the Court that he did not intend to appear at the date set for further hearing on his motion and for trial of the case. In view of the record as a whole in this case, we conclude that respondent's motion to dismiss the case for failure on the part of petitioner to properly prosecute and determine the deficiency as set forth in the notice of deficiency is well taken. Petitioner's motion to strike respondent's response to the Court's order to show cause dated December December 8, 1978, which was filed on January 23, 1979, will be denied, and respondent's motion to dismiss for failure of petitioner to properly prosecute and determine the deficiency as set forth in the notice of deficiency will be granted. An appropriate order and decision will be entered. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. SEC. 170. CHARITABLE, ETC., CONTRIBUTIONS AND GIFTS. (a) Allowance of Deduction.-- (1) General Rule.--There shall be allowed as a deduction any charitable contribution (as defined in subsection (c)) payment of which is made within the taxable year. A charitable contribution shall be allowable as a deduction only if verified under regulations prescribed by the Secretary or his delegate. ↩
3. SEC. 170(c). Charitable Contribution Defined.--For purposes of this section, the term "charitable contribution" means a contribution or gift to or for the use of-- * * *
(2) A corporation, trust, or community chest, fund, or foundation-- (A) created or organized in the United States or in any possession thereof, or under the law of the United States, any State, the District of Columbia, or any possession of the United States; (B) organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes or for the prevention of cruelty to children or animals; (C) no part of the net earnings of which inures to the benefit of any private shareholder or individual; and (D) no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation, and which does not participate in, or intervene in (including the publishing or distributing of statements), any political campaign on behalf of any candidate for public office. A contribution or gift by a corporation to a trust, chest, fund, or foundation shall be deductible by reason of this paragraph only if it is to be used within the United States or any of its possessions exclusively for purposes specified in subparagraph (B).↩