ANGUS CAMPBELL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Campbell v. Commissioner
Docket No. 35725-83.
United States Tax Court
T.C. Memo 1986-375; 1986 Tax Ct. Memo LEXIS 232; 52 T.C.M. (CCH) 183; T.C.M. (RIA) 86375; August 13, 1986. Peter R. Stromer, for the petitioner. Frank Laurino, for the respondent. KORNER
MEMORANDUM FINDINGS OF FACT AND OPINION KORNER, Judge: For the calendar year 1981, respondent determined a deficiency of income tax against petitioner in the amount of $6,188, together with additions to tax under section 6653(a)(1)[1] of $309.40, and under section 6653(a)(2) in the amount of 50 percent of the interest due on $5,354. At the time of trial, respondent also requested the Court to award damages in favor of the United States under section 6673. The issues which we must resolve are: (1) Whether petitioner is entitled to a deduction of $1,820 on account of alimony allegedly paid to his former wife; (2) whether petitioner is entitled to a personal exemption of $1,000 for the alleged support of a depending child; (3) whether petitioner is entitled to a charitable contribution deduction on account of the alleged donation of $4,100 to the Life Science Church; *234 (4) whether petitioner is entitled to a charitable contribution deduction for the alleged contribution of $10,000 to the Church of St. Thomas; (5) whether respondent correctly determined additions to tax against petitioner for negligence under the provisions of sections 6653(a)(1) and 6653(a)(2); and (6) whether an award of damages in favor of the United States under section 6673 is warranted. FINDINGS OF FACT Some of the facts herein were stipulated and such stipulation together with attached exhibits in incorporated herein by this reference. At the time of filing his petition herein, petitioner was a resident of Jamaica, New York. His individual income tax return for the calendar year 1981 was timely filed with respondent. In the year 1981, petitioner paid the amount of $4,100 to the Life Science Church. He did not become a member of that church, nor was he ordained as a minister in that church, nor did he receive a charter for the establishment of a local chapter *235 of that church. He did, however, receive various written materials from the church giving him information as to how to become a minister and how to establish a church. Petitioner used these materials, together with information obtained from other sources, to prepare organizing documents for "the Church of St. Thomas," an unincorporated association, which was established by himself and one Joanne Kelly at a meeting between the two of them on November 9, 1981. The record herein does not disclose that the Church of St. Thomas had any congregation, had any religious or other charitable program, conducted any religious services, or engaged in any other activity. The location of the church was stated to be at 166-05 Highland Avenue, Jamaica, New York, which was also petitioner's residence. Petitioner neither sought nor obtained a ruling from the Internal Revenue Service that the Church of Saint Thomas was an exempt organization under section 501(c)(3), to which deductible contributions under section 170 could be made. In his tax return for the year 1981, petitioner claimed a charitable deduction in the amount of $4,100, for the money which he had paid to the Life Science Church. Petitioner *236 also claimed a charitable deduction, in the amount of $10,000, for an alleged donation to the Church of St. Thomas. In arriving at his adjusted gross income on the income tax return filed, petitioner deducted the amount of $1,820 on account of alimony allegedly paid to his former wife. Petitioner further claimed a personal exemption, in the amount of $1,000, for a minor child, Robyn Campbell. Upon audit, respondent disallowed both the above claimed charitable deductions, and also disallowed the claimed deductions on account of alimony and the personal exemption for Robyn Campbell. Respondent further determined an addition to tax under section 6653(a)(1), in the amount of 5 percent of the entire deficiency, and a further addition to tax under section 6653(a)(2) of 50 percent of the interest on $5,354.00, which amount constituted the deficiency attributable to the disallowance of the two claimed charitable deductions. OPINION As to all the issues which are to be resolved herein, with the exception of issue no. 6, the burden of proof in this case was upon petitioner, to prove by preponderance *237 of the evidence his right to the claimed deductions and exemption. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). As to the first five issues, we sustain respondent because of petitioner's almost total failure to carry such necessary burden of proof. 1. Exclusion of Claimed Alimony Payment.
2.Personal Exemption Deduction for Minor Child.
Petitioner's evidence with regard to the claimed deduction of alimony payments was his unsubstantiated testimony that he had been divorced from Catherine Campbell during the year 1971, that the divorce decree provided for alimony payments from him to his former wife in the amount of $35 a week, and that he had faithfully paid such amounts to his former wife in the year 1981, totaling $1,820. Petitioner's former wife was not called as a witness to corroborate his testimony as to these payments, and no other evidence, in the form of canceled checks or otherwise was presented. [2]We are not required to accept petitioner's self-serving and uncorroborated testimony, particularly where other and better evidence to prove *238 the point in question was available. See Wood v. Commissioner,338 F.2d 602, 605 (9th Cir. 1964), affg. 41 T.C. 593 (1964). *239 With respect to the alleged payments for child support, once again this record contains nothing but petitioner's unsupported testimony that such payments of $20 a week were made, to support his claim of a personal exemption under the provisions of sections 151 and 152. [3] No canceled checks or other evidence of payment was offered; there was no evidence whether petitioner was the custodial or noncustodial parent of the minor child, see sec. 152(e), nor was there any proof that petitioner provided more than half of the child's support during the year 1981, see sec. 152(e)(2). As to both these issues, respondent is accordingly sustained. 3. Claimed Charitable Contribution to Life Science Church.
4. Claimed Charitable Contribution to the Church of St. Thomas.
Petitioner satisfactorily proved that he paid $4,100 to the Life Science Church in 1981. However, he failed to prove either (a) that the Life Science Church was an exempt organization to which deductible contributions under section 170 could be made, and (b) he failed to prove that *240 his payment of $4,100 was a free-will donation. Indeed, this record contains strong indications that, in return for his $4,100, petitioner received instructions and printed materials from the Life Science Church regarding the proper way to set up a church, become a minister, and the like, some of which he later used in organizing the Church of St. Thomas. Whether the amounts which petitioner paid for this instruction and these materials was too much or too little is not for us to judge. To the extent that it was for such instruction and educational materials, however, there was a quid pro quo involved, and it was clearly not a free and disinterested charitable contribution. With respect to the alleged donation of $10,000 to the Church of St. Thomas, petitioner's proof is even more deficient. It was not established in this record that the contribution of $10,000 in 1981 was made at all. [4] Petitioner having failed to prove that he made a contribution of any amount to the Church of St. Thomas in 1981, we need not examine the further questions presented herein, viz, whether the Church of *241 St. Thomas was an exempt organization to which deductible contributions under section 170 could properly be made, whether any of such funds in the custody of the Church of St. Thomas inured to petitioner's benefit, or whether in fact petitioner made a completed gift by parting with all dominion and control over the alleged $10,000. See Davis v. Commissioner,81 T.C. 806 (1983), affd. without published opinion 767 F.2d 931 (9th Cir. 1985). *242 As to both the above issues, we accordingly sustain respondent. 5. Additions to Tax Under Section 6653(a).
Respondent determined an addition to tax under section 6653(a)(1) for the entire deficiency here in issue, on account of petitioner's negligence or intentional disregard of rules and regulations, and respondent further determined an addition to tax under section 6653(a)(2), limited to 50 percent of the amount of deficiency attributable to the disallowance of the two claimed charitable contributions discussed above. The burden of proof as to these additions to tax was on petitioner, Enoch v. Commissioner,57 T.C. 781, 803 (1972); Bixby v. Commissioner,58 T.C. 757, 791 (1972). The record herein discloses that petitioner made no serious effort to determine whether the "Church of St. Thomas," which he and another person organized in 1981, met either the organizational or operational tests provided by the Code and respondent's regulations thereunder. See secs. 170, 501(c)(3). He got some materials from the Life Science Church, and he talked *243 to various individuals, none of whom were shown to have had any expertise in these matters, about the adequacy of what he was doing. He did not consult an attorney or anyone else skilled in tax matters. The record does not disclose that the Church of St. Thomas ever undertook any active charitable or religious program, had any congregation, or did anything else. Given these failures of proof, we sustain respondent's determinations of additions to tax. 6. Award of Damages Under Section 6673.
Prior to the trial herein, respondent notified petitioner that if he persisted in pressing the case, respondent would seek an award of damages in favor of the United States under the provisions of section 6673. That section provides, in relevant part: Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. * * * We *244 have considered this matter carefully and have determined that damages under section 6673 should not be awarded in this case. While petitioner has clearly failed on all issues presented, it was at least possible that petitioner might have prevailed on his claims with respect to alimony payments and the personal exemption for a minor child, if petitioner and his counsel had properly prepared the case for trial in compliance with the Court's Pretrial Order. Their wanton disregard of that Pretrial Order has cost them dearly, but we are not prepared to say that the action was instituted for delay or that the petitioner's position on all issues herein was frivoulous or groundless. Accordingly, no damages herein will be awarded. Decision will be entered for respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect in the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted.↩
2. At trial, petitioner offered in evidence a purported copy of a divorce decree from the State of New York, for the purpose of corroborating his testimony as to (a) the fact of the divorce; (b) the obligation of petitioner to make alimony payments of $35 a week; and (c) petitioner's obligation to make payments of $20 a week for the support of his minor child Robyn. Admission of this exhibit was refused by the Court on the grounds that petitioner had failed to comply with the clear provisions of the Court's Pretrial Order in this case, that the parties, not less than 20 days prior to trial should, inter alia, exhibit to each other any documentary evidence intended to be offered at trial. The purpose of the Court's Pretrial Order was to avoid surprise, promote stipulation of uncontroverted facts and exhibits, and shorten trial time. Even if admitted, such exhibit would have done nothing more than establish petitioner's obligation to make the payments, without proving in any way that such payments had in fact been made.↩
3. See footnote 2, supra.↩
4. At trial, petitioner again attempted to introduce certain documentary evidence in the form of a bank statement for an account maintained in the name of the Church of St. Thomas, copies of certain checks drawn on said account, and copies of deposit slips allegedly showing deposits to such account. Such exhibits were refused admission because (a) in the case of the bank statement, the proposed exhibit had not previously been exhibited to respondent's counsel in accordance with the terms of the Court's Pretrial Order in this case, and (b) in the case of the copies of checks and deposit slips, the originals of said documents were not made available so that the copies could be verified as to accuracy. Even if such documents had been admitted in evidence, they would have proved only that a deposit of $10,000 was made in 1981 to a bank accoudnt maintained in the name of the Church of St. Thomas, without proving that such amount came from petitioner.↩