ANNETTE BELL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bell v. Commissioner
Docket No. 24154-92
United States Tax Court
T.C. Memo 1995-42; 1995 Tax Ct. Memo LEXIS 51; 69 T.C.M. (CCH) 1775; January 30, 1995, Filed *51 Decision will be entered for the respondent. Annette Bell, pro se. For respondent: Christine Olson. DINAN
DINAN
MEMORANDUM OPINION DINAN, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
Respondent determined a deficiency in petitioner's 1989 Federal income tax in the amount of $ 108. The issues for decision are: (1) Whether petitioner failed to report $ 733 in wage income; and (2) whether petitioner is entitled to deduct a capital loss carryover arising out of a 1976 foreclosure action on certain real property. Some of the facts have been stipulated and are so found. The stipulations of fact and attached exhibits are incorporated herein by this reference. Petitioner resided in El Cajon, California, on the date the petition was filed *52 in this case. In 1989, petitioner earned wages from San Diego Transit Corporation and Jagorda Interviewing Service in the amounts of $ 494 and $ 239, respectively. Petitioner does not deny receiving the wages, but testified she never received the Forms W-2 and is therefore unable to determine the amount of Federal income taxes withheld from those wages. Further, petitioner alleges that she had additional car expenses to offset the unreported wages. [2] Other than her testimony, petitioner failed to produce any evidence of the withholdings or additional expenses. Respondent's assessment is based on electronically filed information, which reflected that no Federal income taxes were withheld from petitioner's 1989 unreported wages. In 1968, petitioner purchased certain real property, located in Queens, New York, with her son Lovine Bell *53 as joint tenants with the right of survivorship. Petitioner testified that the property was purchased for $ 19,000. Other than petitioner's testimony, no evidence was presented as to petitioner's basis in the property. The property was subject to a foreclosure action brought by Chase Manhattan Bank (National Association) in 1976. [3] Petitioner testified that she was attempting to rent the property at the time of the foreclosure. Petitioner lost the property in the foreclosure action to the highest bidder for $ 16,550. Petitioner received no proceeds from the foreclosure sale. Petitioner challenged the foreclosure action as invalid, and brought several legal actions, [4] acting on her own behalf and without the advice of counsel. Petitioner was unsuccessful in all her actions. *54 Petitioner testified, that on her 1987 Federal income tax return, [5] when she realized she would not regain her property, she deducted the alleged fair market value of the property on Schedule A as a casualty loss. This action resulted in petitioner's 1987 Federal income tax return incorrectly reflecting a substantial overpayment of tax in the amount of $ 100,273. The following year, petitioner incorrectly reported on line 57 of her 1988 Federal income tax return [6] the $ 100,273 overpayment as "amounts to be applied from 1987 return." For the year in issue, the $ 100,273 was again claimed by petitioner as an amount carried over from the 1988 tax year. Petitioner claims that the $ 100,273 alleged overpayment should be used to offset the deficiency determined by respondent. Petitioner does not dispute that she had $ 733 of unreported wage income in 1989, instead she contends she has offsetting deductions. Deductions are *55 strictly a matter of legislative grace, and petitioner bears the burden of proving she is entitled to any deductions claimed. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435 (1934). Petitioner is required to maintain the records needed to establish her income tax liability. Sec. 6001; sec. 1.6001-1(a), Income Tax Regs. Petitioner has not presented any documentary evidence to substantiate her claim that Federal income taxes were withheld from her wages, nor has she shown that she is entitled to the additional car expenses claimed. The Court is not required to accept petitioner's uncorroborated testimony. Wood v. Commissioner, 338 F.2d 602, 605 (9th Cir. 1964), affg. 41 T.C. 593 (1964). Consequently, respondent's determination of petitioner's unreported income for 1989 is sustained. Secondly, we must decide whether petitioner is entitled to a capital loss carryover arising out of the 1976 foreclosure action on petitioner's real property located in Queens, New York. Foreclosure of a mortgage is treated as a sale or exchange of the property whereby the property owner realizes *56 a loss (or gain). Helvering v. Hammel, 311 U.S. 504 (1941). The loss (or gain) from the foreclosure is the difference between the borrower's adjusted basis and the amount realized. The fair market value of the foreclosed property is immaterial. Lutz & Schramm Co. v. Commissioner, 1 T.C. 682 (1943). Moreover, it is petitioner's burden to prove her basis in the property taken in the foreclosure action. Rule 142(a); Granger v. Commissioner, T.C. Memo. 1978-474, affd. without published opinion 618 F.2d 98 (4th Cir. 1980). The foreclosure loss is deductible in the year in which the foreclosure proceeding is concluded, not in the year the foreclosed property is sold by the mortgagee. Novik v. Commissioner, T.C. Memo. 1981-446, affd. 698 F.2d 1231 (9th Cir. 1982). First, petitioner is not entitled to the loss claimed because she failed to present any evidence other than her self-serving testimony as to her basis in the property. Secondly, petitioner has failed to provide adequate documentation to persuade *57 us that she had a capital loss in 1987 that could be carried over to 1989. Accordingly, we find petitioner is not entitled to a capital loss carryover in 1989 due to the 1976 foreclosure action. To reflect the foregoing, Decision will be entered for the respondent. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. On Schedule C of petitioner's 1989 Federal income tax return, petitioner claimed $ 2,200 in car and truck expenses. Respondent did not challenge the validity of expenses claimed.↩
3. By Judgment of Foreclosure and Sale dated February 19, 1976, in and for the County of Queens, New York.↩
4. Petitioner first filed an adversary proceeding in Bankruptcy Court, where the Bankruptcy Court ruled against her. Petitioner then appealed to the United States District Court, Southern District of California, where the Bankruptcy Court's order was upheld. Finally, petitioner appealed the District Court's decision to the United States Court of Appeals for the Ninth Circuit. The record does not show how the Court of Appeals for the Ninth Circuit disposed of the case.↩
5. The tax year 1987 is not in issue before us.↩
6. The tax year 1988 is not in issue.↩