Hugh and Rita Boyd v. Commissioner.
Boyd v. Commissioner
Docket No. 1542-64.
United States Tax Court
T.C. Memo 1964-265; 1964 Tax Ct. Memo LEXIS 74; 23 T.C.M. (CCH) 1616; T.C.M. (RIA) 64265; October 7, 1964
*74 Petition was received and filed in the Tax Court on the 92nd day after the notice of deficiency was mailed. The petition was sent by ordinary mail and the covering envelope does not contain a United States postmark date that is legible. Held, petitioners failed to prove that the covering envelope was postmarked on or before the 90th day; therefore, the actual filing date controls. Motion to dismiss for lack of jurisdiction granted. Hugh Boyd, pro se, 249 Barran Hill Rd., Conshohocken, Pa. Andrew S. Coxe and Francis J. Cantrel, for the respondent. DAWSON
Memorandum Opinion DAWSON, Judge: On June 10, 1964, respondent filed a motion to dismiss the petition in this case for lack of jurisdiction because it was not filed within 90 days after the mailing of the notice of deficiency, as provided by section 6213(a) of the Internal Revenue Code of 1954. The motion was set for hearing and called for that purpose on August 12, 1964, at which time the Court heard the oral argument of respondent. Petitioners were not present or represented by counsel. However, they did file an objection to the motion to dismiss along with an affidavit executed by John P. Donahue. The notice of deficiency was mailed to the petitioners by certified mail on January 16, 1964. The 90-day period expired on April 15, 1964. The petition was received and filed by the Tax Court on April 17, 1964, which was 2 days after the 90-day period had expired. The grey envelope in which the petition was received was properly addressed to the Tax Court of the United States. It was sent by ordinary *76 mail. It bears a postmark stamp which reads "Norristown, Pa., 1964." The month and the day do not appear in the postmark stamp or on the envelope anywhere. The petition was signed by both petitioners and acknowledged by them before Francis X. Reagan, a notary public for Montgomery County, Pennsylvania, on April 15, 1964. On July 6, 1964, John P. Donahue signed a sworn affidavit which reads, in pertinent part, as follows: that I, on April 15 at approximately 7:30 P.M., had the Tax Petition for Mr. Hugh Boyd notarized by Mr. Francis X. Reagan, Notary Public, 612 Swede Street, Norristown, Penna., and took same to Post Office in Norristown and mailed to the Tax Court. A careful examination of the envelope having been made, we have concluded that the postmark date cannot be determined. By order dated August 17, 1964, and served on August 18, 1964, the petitioners were advised that this case would be dismissed for lack of jurisdiction unless they filed with the Court on or before September 17, 1964. (1) a further affidavit from John P. Donahue stating whether the petition was placed in a Post Office box or handed to a postal clerk and (2) and appropriate affidavit from an official *77 of the Norristown Post Office stating whether a document mailed at 7:30 P.M. on April 15, 1964, would have been postmarked before 12:01 A.M., * * * Petitioners have neither complied with nor responded to the order. Since the envelope here involved bore no postmark date and the petitioners have not carried their burden of proving the date on which the postmark was stamped on the cover, see section 301.7502-1, Procedure and Administration Regulations, the provisions of section 7502(a) [1] do not help the petitioners. C. Louis Wood, 41 T.C. 593, 595 (1964). Nor can petitioners avail themselves of the provisions of section 7502(c) because the petition was not sent by either registered or certified mail. It therefore follows that the actual date the petition was filed in the Tax Court controls. See Luther A. Madison, 28 T.C. 1301 (1957); Rich v. Commissioner, 250 F. 2d 170 (C.A. 5, 1957), and C. Louis Wood, supra.
*78 Section 6213(a) provides that within 90 days after the notice of deficiency is mailed (not counting Saturday, Sunday or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. This provision has long been held to be jurisdictional and the Tax Court has no jurisdiction unless the petition is timely filed. Nathaniel A. Denman, 35 T.C. 1140 (1961). In the absence of a postmark on the covering envelope or other convincing evidence showing the date of mailing, we hold that the date the petition was received and filed in the Tax Court must be considered the date the petition was filed. That date was April 17, 1964 - 92 days after the deficiency notice was mailed to petitioners. Consequently, the petition was not timely filed, this Court has no jurisdiction, and the case must be dismissed. An appropriate order will be entered. Footnotes
1. SEC. 7502. TIMELY MAILING TREATED AS TIMELY FILING. (a) General Rule. - If any claim, statement, or other document (other than a return or other document required under authority of chapter 61), required to be filed within a prescribed period or on or before a prescribed date under authority of any provision of the internal revenue laws is, after such period or such date, delivered by United States mail to the agency, officer, or office with which such claim, statement, or other document is required to be filed, the date of the United States postmark stamped on the cover in which such claim, statement, or other document is mailed shall be deemed to be the date of delivery. This subsection shall apply only if the postmark date falls within the prescribed period or on or before the prescribed date for the filing of the claim, statement, or other document, determined with regard to any extension granted for such filing, and only if the claim, statement, or other document was, within the prescribed time, deposited in the mail in the United States in an envelope or other appropriate wrapper, postage prepaid, properly addressed to the agency, office, or officer with which the claim, statement, or other document is required to be filed.↩