LORIN J. AND JANE E. STEINES, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Steines v. Commissioner
Docket No. 9246-88
United States Tax Court
T.C. Memo 1991-103; 1991 Tax Ct. Memo LEXIS 122; 61 T.C.M. (CCH) 2099; T.C.M. (RIA) 91103; March 6, 1991, Filed *122 Decision will be entered under Rule 155. Lorin J. Steines, pro se. Vijay S. Rajan, for the respondent. PAJAK, Special Trial Judge. PAJAK
MEMORANDUM OPINION This case was assigned pursuant to the provisions of section 7443A(b) and Rule 180 et seq. (All section numbers refer to the Internal Revenue Code for the taxable years in issue. All rule numbers refer to the Tax Court Rules of Practice and Procedure.) Respondent determined deficiencies and additions to tax in petitioners' Federal income tax as follows: Additions to Tax Under Sections
Year
Deficiency
6653(a)(1)
6653(a)(2)
6661
1984
$ 5,866
$ 293
* $ 1,467
1985
$ 6,194
$ 311
* $ 1,557
Respondent also disallowed petitioners' claim for refund of $ 838 made on a timely filed Form 1040X for 1984. Petitioners offered no evidence for deductions in excess of those discussed below. After concessions, the Court must decide: (1) Whether petitioners *123 substantiated and are entitled to deduct payments to rent a garage as an office; (2) whether petitioners are entitled to deduct home office utility expenses; (3) whether petitioners are entitled to deduct automobile expenses; (4) whether petitioners are entitled to depreciation on various assets; (5) whether petitioners are liable for recapture of the investment credit on certain assets; and (6) whether petitioners are liable for the additions to tax. Some of the facts have been stipulated and are so found. Petitioners resided in Moline, Illinois, when their petition was filed. Petitioner Lorin J. Steines (petitioner) was employed by John Deere Harvester Works of Deere & Company and earned $ 48,083.84 and $ 52,072.76 in 1984 and 1985, respectively. Petitioners' two children lived with them during these years. Respondent conceded that petitioners were involved in the A.L. Williams and Herbalife businesses. A.L. Williams' activities included selling insurance and advising clients on money saving matters. Herbalife's activities included sales of a nutrition program to clients. Petitioners generally shared business assets between the two businesses. Both businesses reported losses *124 in the years in question. Petitioners also reported losses from the rental of a Bettendorf, Illinois, office building (Bettendorf office), which was partly owned by petitioners.
Rental Expense
Initially petitioners operated their businesses out of their home. They expanded to a partially finished garage on Lorin's brother's property next door to their own property. The garage contained audio and video equipment and files, with a list of potential clients. Petitioners claimed rental expenses of $ 9,000 and $ 15,491 for 1984 and 1985, respectively. Respondent disallowed petitioners' rent deductions in full. At trial, petitioners claimed they paid petitioner's brother in cash $ 12,000 in 1984 and $ 15,491 in 1985 to rent the garage, the equipment, and a file of over 250 potential clients. Petitioners could not produce their own bank records to show any cash withdrawals. Petitioners did not establish that they had adequate cash on hand to make the payments claimed. Petitioner's brother had no records which showed he received rents from petitioners. Petitioner stated that they had lost many records and produced only copies of leases and receipts. We do not believe these *125 leases and receipts evidence the true rental arrangement between Lorin and his brother but were generated for purposes of trial. Even if the documents were genuine, the amounts called for are grossly excessive. Stanwick's, Inc. v. Commissioner, 15 T.C. 556 (1950), affd. per curiam 190 F.2d 84 (4th Cir. 1951). We believe a much lower rent was paid by petitioners to Lorin's brother. Upon consideration of the entire record, we find that petitioners are entitled to deduct as rental expense for the garage and its contents, including the potential customer files, the amount of $ 120 per month for each year at issue. Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). Home Office Utilities
Petitioners deducted a portion of their utilities in the amounts of $ 1,551 and $ 1,599 in 1984 and 1985, respectively, based on the contention that they used 38.5 percent of their house as a home office. Respondent disallowed $ 1,109 and $ 1,599 of these deductions in 1984 and 1985, respectively. At trial, petitioners reduced their claim for utilities to $ 1,026 (38.5% X $ 2,666) and to $ 1,126 (38.5% X $ 2,925) for 1984 and 1985, respectively. *126 Respondent agreed that petitioners would be entitled to deduct a percentage share of their utilities as claimed at trial to the extent we find portions of the house were used exclusively on a regular basis as petitioners' principal place of business for the A.L. Williams business. Section 280A. No other home office deductions were put in issue. Petitioners claimed the majority of the main floor, including the main entrance to the home and their living room, was used for business purposes. The living room had a television, audio and video equipment, couch, and other common household furnishings. Petitioners also claimed that a computer room on the second floor of the house and a file room in the basement were used for business purposes. Section 280A limits the deduction of expenses associated with an office in the home. This section provides as a general rule that no deduction otherwise allowable shall be allowed with respect to the use of a dwelling unit which is used by the taxpayer during the taxable year as a residence. An exception to the general rule of nondeductibility is in section 280A(c)(1). This section permits a deduction for home office expenses if a portion *127 of the dwelling unit is used exclusively on a regular basis as the principal place of business for any trade or business of the taxpayer. First, we note that petitioners' calculations in arriving at the 38.5 percent figure did not take into account the actual number of square feet in the house. Second, the purported use of space would mean the family could not use the main areas of their home. Even if petitioner's testimony was uncontradicted, we are not required to accept petitioner's testimony if it appears improbable or unreasonable. Wood v. Commissioner, 338 F.2d 602, 605 (9th Cir. 1964), affg. 41 T.C. 593 (1964). Whether or not petitioners regularly used the areas claimed to conduct business and receive clients and associates, petitioners have not proved that all of the areas were used exclusively for business as required by section 280A. We believe that petitioners regularly and exclusively used for business purposes only the file room and the computer room, which amount to 7 percent of their home. Thus, petitioners are entitled to deduct $ 187 (7% X $ 2,666 = $ 187) and $ 205 (7% X $ 2,925 = $ 205) of their utilities in 1984 and 1985, *128 respectively, as home office expenses. Automobile Expenses
Prior to the taxable years in issue, petitioners purchased a van. Petitioners also owned other vehicles which they used entirely for personal purposes. On their 1984 and 1985 returns, petitioners deducted car and truck expenses in the amounts of $ 3,150 and $ 2,488, respectively. Respondent disallowed these expenses. At trial, petitioners claimed they incurred $ 2,999 and $ 2,822 in automobile expenses in 1984 and 1985, respectively. Deductions are a matter of legislative grace, and petitioners have the burden of establishing that they are entitled to the deductions claimed. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440, 78 L. Ed. 1348, 54 S. Ct. 788 (1934); Rule 142(a). Section 162 permits a deduction for the expense of operating an automobile used in the conduct of a trade or business. A taxpayer is entitled to deduct such expenses if the taxpayer proves such expenses with for example "adequate records." See sec. 1.162-17(d)(2) and (3), Income Tax Regs.
Petitioners claimed the van was used to travel to clients, transport materials, and generally attend to their business activities. Petitioners admit they used *129 the van in 1984 to travel to Florida with their family to visit relatives, and to go to Disney World, and purportedly to pursue business opportunities. Petitioners presented a copy of a diary/log for each year in issue which contains the names of various people and places. The diary also contains a number of entries, purportedly indicating mileage accumulated on the van on the date corresponding to those entries. Petitioners had no receipts or other credible written evidence. Respondent contends that neither the expenses nor the extent of business use has been substantiated. We find that the family trip to Florida was a nondeductible personal expense. Sec. 262. Although petitioner's testimony was generalized, rambling and often unconvincing, we are satisfied that he incurred some expenses for local transportation in his businesses. As to the years at issue, where the Court is satisfied that the taxpayer is entitled to some deduction but where the records are inadequate to establish the amount of the deduction, the Court may make an approximation of the amount of the deduction. Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). In such cases we may bear *130 heavily against the taxpayer "whose inexactitude is of his own making." Cohan v. Commissioner, supra at 544. Based on this record and exercising our discretion, we will allow petitioners to deduct 20 percent of the claimed expenses for each year. This results in an allowable deduction for automobile expenses of $ 600 and $ 564 in 1984 and 1985, respectively. Depreciation
Respondent disallowed $ 7,241 and $ 1,776 of the $ 8,093 and $ 1,776 claimed as depreciation of business assets in 1984 and 1985, respectively. Petitioners depreciated a number of pieces of audio and video equipment, the computer used for their financial operations, and, in 1984, their van. Petitioners claimed depreciation with respect to an unusable Sony video camera and player in the rented garage office. Lorin admitted that they rented other videotaping equipment whenever necessary during 1984 and 1985 because the obsolete unit was unusable. To permit a deduction for depreciation, equipment must be used in a trade or business. We find such equipment ceased being business property prior to 1984. Petitioners used most of the remaining audio and video equipment in their living *131 room or the rented garage office. Petitioners kept a few other pieces at the Bettendorf office. Petitioners have produced no credible evidence which establishes any business use of the audio and video equipment located in their home. We conclude that the equipment in the living room was for personal use and is nondeductible under section 262. In addition, petitioners have produced no evidence to persuade this Court to find in their favor with respect to depreciation taken on the equipment located at the Bettendorf office. Petitioners used the computer in their home office. With respect to petitioners' computer located in the computer room of their house, and the remaining pieces of audio and video equipment located in the rented garage office, we are satisfied that petitioners used these items exclusively for business purposes. We find that petitioners are entitled to deduct depreciation on these items. Based on our finding above, petitioners are entitled to deduct 20 percent of the depreciation claimed on the van in 1984. Otherwise, respondent's disallowances of depreciation deductions are sustained. Recapture of Investment Credit
Section 38 allows a tax credit for *132 investment in certain depreciable property. Section 47 generally provides for recapture of the credit taken in a prior year when property ceases to be section 38 property or recovery property. Sec. 47(a)(1) and (5). For 1984, respondent determined that 80 percent of the investment credit taken by petitioners on the van (80% X $ 1037.78 = $ 830) and 60 percent of the investment credit taken on audio and video equipment (60% X $ 160 = $ 96) was to be recaptured in the total amount of $ 926 because these items were not used for business purposes. Petitioners have not proved that respondent was in error as to the recapture for audio and video equipment. Because the van was used only 20 percent for business, the recapture of investment tax credit is limited to the 80 percent of non-business usage. Sec. 1.47-2(e), Income Tax Regs. Thus, the total amount of recaptured investment tax credit is $ 760. Additions to Tax Under Section 6653(a)(1) and (2)
Respondent determined that petitioners are liable for additions to tax for 1984 and 1985, for negligence under section 6653(a)(1) and (2), and for substantial understatement under section 6661. Section 6653(a)(1) provides for an *133 addition to tax in the amount of 5 percent of an underpayment of tax if any part of the underpayment is due to negligence or intentional disregard of the rules and regulations. Section 6653(a)(2) provides for a further addition to tax in an amount equal to 50 percent of the interest payable on the portion of the underpayment attributable to negligence or intentional disregard of rules and regulations. Petitioners have the burden of proof. Axelrod v. Commissioner, 56 T.C. 248, 258 (1971). Under section 6653, negligence is the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Petitioners claimed personal expenses as business expenses. Petitioners did not maintain adequate records and failed to prove that they were entitled to many of their alleged business deductions. On this record, we sustain respondent's determinations that petitioners are liable for additions to tax under section 6653(a)(1) and section 6653(a)(2). Additions to Tax Under Section 6661
Finally, respondent determined that for 1984 and 1985 petitioners *134 were liable for an addition to tax of 25 percent for a substantial understatement of income tax liability pursuant to section 6661. An understatement is substantial if it exceeds the greater of 10 percent of the tax required to be shown on the return, or $ 5,000. Sec. 6661(b)(1)(A). Where an item is not attributable to a tax shelter, the understatement may be reduced by the amount of such item if the taxpayer's treatment of the item was based on substantial authority, section 6661(a)(2)(B)(i), or if the taxpayer had adequately disclosed on the return or in a statement attached to the return the relevant facts affecting such item's tax treatment. Sec. 6661(b)(2)(B)(ii). Petitioners did not have substantial authority for the deductions which they have conceded or those which we have disallowed and with respect to the required recapture of investment tax credit, nor have they adequately disclosed, by attached statement to, or disclosure on, their 1984 and 1985 income tax returns, the relevant facts affecting the tax treatment of various items on the respective returns. Nor do any of the items in issue fall within the specific situations in which disclosure made on a return constitutes *135 adequate disclosure under Rev. Proc. 85-19, 1985-1 C.B. 520, effective for returns filed in 1985 with a filing due date after December 31, 1984, and under Rev. Proc. 86-22, 1986-1 C.B. 562, effective for returns filed in 1986 with a filing due date after December 31, 1985. See section 1.6661-4(c), Income Tax Regs. Petitioners' 1984 and 1985 returns were due and filed in 1985 and 1986, respectively. In summary, no part of the understatement is excluded from the determination of whether the understatement was "substantial." We hold that the 25 percent addition to tax of section 6661 applies to petitioners if the Rule 155 computation reveals a substantial understatement of income tax in each year within the meaning of section 6661(b)(1)(A). Decision will be entered under Rule 155. Footnotes
*. 50% of the interest due on the portion of the underpayment due to negligence.↩