LAFONZA EARL WASHINGTON AND JOAN ANNETTE WASHINGTON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Washington v. Commissioner
Docket No. 19484-89
United States Tax Court
T.C. Memo 1991-422; 1991 Tax Ct. Memo LEXIS 471; 62 T.C.M. (CCH) 615; T.C.M. (RIA) 91422; August 27, 1991, Filed *471 Decision will entered for the respondent. Lafonza Earl Washington, pro se. Elias T. Majoros, for the respondent. GUSSIS, Special Trial Judge. GUSSIS
MEMORANDUM FINDINGS OF FACT AND OPINION This case was assigned pursuant to section 7443A(b) and Rule 180 et seq. [1]
Respondent determined a deficiency in petitioners' Federal income tax for 1986 in the amount of $ 6,866.00 and also determined an addition to tax under section 6661 in the amount of $ 1,716.50. The issues are whether petitioners are entitled to a casualty loss deduction in 1986 under the provisions of section 165(c)(3) and whether petitioners are liable for the addition to tax under section 6661. FINDINGS OF FACT Some of the facts were stipulated and they are so found. Petitioners were residents of Flint, Michigan, when the petition herein was filed. In late *472 1977, petitioners purchased a house at 6405 Karen Street, Flint, Michigan, for $ 28,417 with a down payment of $ 1,650. Petitioners used the Karen Street property exclusively for personal use. Mid-States Mortgage Co. (hereinafter Mid-States) owned the mortgage on the Karen Street property. Each month, petitioners paid a total of $ 276 to Mid-States which included principal and interest due on the loan and payments to an escrow account for taxes and insurance. In April 1978, Mid-States sold the mortgage to Foundation Capital Corp. (hereinafter Foundation) and informed petitioners of the sale. In February 1979, Foundation erroneously calculated the escrow portion of petitioners' monthly payment and reduced their monthly payments from $ 276 to $ 219.97. Petitioners paid Foundation $ 219.97 a month through December 1979. In December 1979, Foundation sold the mortgage on the Karen Street property to Lomas and Nettleton Company (hereinafter Lomas) and informed petitioners of the sale. In February 1981, Lomas discovered the mistake made by Foundation with respect to the reduced escrow portion of the monthly mortgage payments and demanded that petitioners pay $ 1,133, the negative *473 balance in the escrow account, over the next 14 months. Petitioners refused to increase their monthly payments to Lomas beyond the $ 219.97 they had been paying. Consequently, Lomas conducted a foreclosure sale on the Karen Street property on January 15, 1982. Petitioners unsuccessfully challenged the foreclosure sale in Federal District Court and in the Bankruptcy Court. On January 14, 1985, Lomas evicted petitioners from the Karen Street property pursuant to an order of the 68th District Court in Flint, Michigan. Lomas had previously attempted to evict petitioners on October 28, 1984, but that eviction was not completed because of a temporary restraining order. On their joint 1985 Federal income tax return petitioners claimed a $ 39,000 miscellaneous deduction attributable to the eviction. A notation on line 22 of petitioners' 1985 return, next to the $ 39,000, stated "chattel property loss deferred until 1986." Attached to petitioners' return was an appraisal report indicating that the 1980 estimated fair market value of the Karen Street house was $ 39,000. Petitioners filed an amended return for 1985 on which they changed the $ 39,000 miscellaneous deduction to a $ 39,000 *474 casualty or theft loss deduction. On their 1986 joint Federal income tax return petitioners claimed a $ 38,000 "chattel property loss" deduction. A schedule listing items of "destroyed property," together with purported valuations, is attached to petitioners' 1986 return. On May 24, 1989, respondent issued a statutory notice of deficiency to petitioners disallowing the $ 38,000 deduction claimed in 1986 in full. OPINION Petitioners contend that they are entitled to the claimed $ 38,000 deduction under the provisions of section 165(c)(3). Petitioners claim that in the course of their eviction from the Karen Street property in January 1985 pursuant to court order, numerous pieces of furniture and other items (including two refrigerators, a washer and dryer, a furnace and hot water heater, a stove, a piano and a lawnmower) were purportedly stolen and that, consequently, they are entitled to a deduction under section 165(c)(3). Section 165(a) allows as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise. Other than losses incurred in a trade or business or losses incurred in transactions entered into for profit, individuals *475 are limited to deductions of losses arising from casualties or from theft. Sec. 165(c)(1)-(3). Petitioners have the burden of showing that they are entitled to the claimed casualty or theft loss deductions under section 165(c)(3). Rule 142(a). To obtain a theft loss deduction under section 165(c)(3) the taxpayer must prove the occurrence of a theft and the year in which it was sustained. A theft loss is treated as sustained under section 165(a) during the taxable year in which the taxpayer discovers the loss. Sec. 165(e); sec. 1.165-8(a)(2) Income Tax Regs. Here, petitioner Lafonza E. Washington testified that one-half of his property "disappeared" at the time of the first eviction from the Karen Street property on October 28, 1984, and that most of the remaining property was lost at the time of the second eviction on January 14, 1985. Moreover, there is no evidence whatever in the record to indicate which items were purported lost in 1984 and which items were lost in 1985. Consequently, it would be impossible to measure the purported theft loss incurred in each of those years. Consequently, on these facts, any theft loss would be sustained under the statute in the taxable *476 years 1984 and 1985. We conclude therefore that petitioners did not incur a theft loss deduction in any amount in 1986 within the meaning of section 165(c)(3). Respondent is sustained on this issue. In any event, we do not believe that petitioners have established the existence of a theft loss even in 1984 and 1985. Thus, there would be no loss to carryover to 1986, as they claim they are entitled to do. Petitioner testified at the trial. His vague and generally unsatisfactory testimony as to the alleged theft of practically all of his personal property is singularly unconvincing. Petitioner was first evicted from his Karen Street property on October 28, 1984. However, his personal property was moved back into the house when a local court issued a temporary restraining order. Petitioner states that one-half of his property "disappeared" in the course of his first eviction. Petitioner does not indicate that any significant time elapsed during this whole episode, but a reasonable inference from this record would be that the elapsed time was brief. Petitioners were evicted a second time on January 14, 1985, and on that occasion most of the remaining personal property was purportedly *477 stolen. There is no evidence of police reports with respect to their purported thefts. Moreover, the evidence shows that petitioner was accompanied by police officers during the evictions, and under such circumstances we find it difficult to accept the events as described by petitioner. We have also examined the extensive itemized list of petitioner's "destroyed property," and we deem it inconceivable that the entire contents of a home including such items (as mentioned above) as refrigerators, heavy pieces of furniture, a washer and dryer, a furnace and hot water heater, a variety of beds, and a piano were casually pilfered by chance pedestrians and "curiosity seekers." We are not required to accept petitioner's self-serving statements where they appear improbable or unreasonable. Wood v. Commissioner, 338 F.2d 602, 605 (9th Cir. 1964), affg. 41 T.C. 593 (1964). We must conclude in this record that petitioner has failed to show that any theft ever occurred during the period under consideration within the meaning of the statute. Consequently, petitioner's contention that the deduction claimed in 1986 may be regarded as a carryover of losses *478 that occurred in 1984 and 1985 is without merit. We so hold. We note that in a previous case before this Court involving petitioners' claim for a casualty loss deduction of $ 39,000 for the year 1985 attributable to the court-ordered foreclosure sale of the Karen Street property, we concluded that petitioners were not entitled to either a casualty loss or a theft loss deduction under section 165(c)(3) because of the foreclosure sale. See Washington v. Commissioner, T.C. Memo 1990-386, affd. by unpublished order 930 F.2d 919 (6th Cir. 1991). Respondent also determined a section 6661 addition to tax for the taxable year 1986. Section 6661(a) imposes an addition to tax of 25 percent of the amount of any underpayment attributable to a substantial understatement of income tax. A substantial understatement is one that exceeds the greater of either 10 percent of the tax required to be shown on the return or $ 5,000. Sec. 6661(b)(1). The amount of the understatement is reduced for section 6661 purposes by the portion of the understatement which is attributable to the taxpayer's treatment of an item if there is substantial authority for such treatment, *479 or if relevant facts affecting the item's tax treatment are adequately disclosed in the return or in a statement attached to the return. On this record, neither of these amelioratory conditions appear to exist. In our view, respondent was not apprised of the necessary facts to permit him to make a correct evaluation of petitioner's claimed deduction. Since the underpayment for 1986 meets the substantiality requirement of the statute we must conclude that the addition to tax under section 6661 should apply. Respondent is sustained on this issue. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩