T.C. Summary Opinion 2018-29


UNITED STATES TAX COURT


JOSEPH ENGESSER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 12283-16S.                          Filed June 4, 2018.


<u>Howard Chernoff</u>, for petitioner.

<u>Byron M. Huang</u>, for respondent.


SUMMARY OPINION


COLVIN, <u>Judge</u>:  This case was heard pursuant to the provisions

of section 7463 of the Internal Revenue Code in effect when the petition was

filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $3,729 in petitioner's Federal income tax for 2014.  The issues for decision are whether, for 2014, petitioner may claim as a dependent his minor child H.E.[2] and whether he is entitled to a child tax credit, an earned income tax credit, and head of household filing status with respect to H.E.  Respondent concedes that petitioner will prevail on these issues if H.E. had the same principal place of abode as petitioner for more than one-half of 2014.  We hold that she did.

## Background

Some of the facts have been stipulated and are so found.  Petitioner resided in New Jersey when he filed the petition.

---

[1]Unless otherwise indicated, section references are to the Internal Revenue Code, as amended and in effect for the year at issue, and Rule references are to the Tax Court Rules of Practice and Procedure.  Monetary amounts are rounded to the nearest dollar.

[2]We refer to minor children by their initials.  See Rule 27(a)(3).

1.      2006-13

Petitioner and Cerice Anthony lived together from 2006 until late in 2013 or early in 2014 in what we will refer to as apartment E.[3] Petitioner and Ms. Anthony are the parents of H.E., a minor child born in 2006. Petitioner and Ms. Anthony never married.

2.      2014

Petitioner continued to live in apartment E during 2014, the year at issue. Around the beginning of 2014 Ms. Anthony moved from apartment E to her mother's nearby apartment, which we will refer to as apartment S. Ms. Anthony was removed from the lease for apartment E on August 8, 2014.

During 2013-14 petitioner worked at Lowe's and as a custodian at Middlesex County College. His work schedule at Middlesex County College was from 3:30 p.m. to 11:30 p.m. On school days when petitioner worked those hours, petitioner's parents took care of H.E. after school and until petitioner finished work. Petitioner stopped working at Middlesex County College at a time not specified in the record.

---

[3]The street address and city name are not needed for purposes of deciding the factual issue in dispute.

A letter dated October 14, 2015, from Messina Pediatrics states that H.E. was seen in that office on November 10, 2014, December 5, 2014, and March 25, 2015, and that according to the records of that office, H.E. resided at apartment E.

A U.S. Postal Service (USPS) change of address form dated December 4, 2014, purports to change H.E.'s address from apartment S to apartment E. Petitioner did not prepare the change of address form, and the record does not show who prepared it and submitted it to the USPS.

3.      Petitioner's and Ms. Anthony's Tax Returns for 2014

Petitioner timely filed a Form 1040, U.S. Individual Income Tax Return, for 2014. On that return petitioner claimed H.E. as a dependent, and he claimed head of household filing status, a child tax credit, and an earned income tax credit with respect to H.E. Petitioner did not submit a Form 8332, Release/Revocation of Release of Claim to Exemption for Child by Custodial Parent, with his Form 1040 for tax year 2014.

Ms. Anthony also claimed H.E. as a dependent on her Form 1040 for tax year 2014. There is no evidence that Ms. Anthony submitted a Form 8332 with her 2014 return.

4.    2015 and 2016

A letter from Old Bridge Township Public Schools dated August 26, 2015, states that H.E. lived at apartment E, presumably meaning in August 2015.

Petitioner initiated a custody proceeding in 2015 in the Superior Court of New Jersey.  On October 28, 2015, the superior court ordered joint custody over H.E. for petitioner and Ms. Anthony.  Under this schedule each parent had custody over H.E. about one-half of the time.  The October 28, 2015, order also said that Ms. Anthony could claim H.E. as a dependent for 2015 and all odd-numbered years and petitioner could claim her as a dependent for 2016 and all even-numbered years.  On September 20, 2016, the superior court revised the custody schedule, reducing the time H.E. would be with petitioner.

## Discussion

The issues for decision are whether, for 2014, petitioner is entitled to claim H.E. as a dependent and whether he is entitled to a child tax credit, an earned income tax credit, and head of household filing status with respect to H.E.

1.    Applicable Tax Rules

A taxpayer is allowed a deduction for "each individual who is a dependent (as defined in section 152) of the taxpayer for the taxable year."  Sec. 151(a), (c). Section 152(a) defines the term "dependent" to include a "qualifying child" or a

"qualifying relative".  Generally, a "qualifying child" must (1) bear a specified relationship to the taxpayer (e.g., be the taxpayer's child), (2) have the same principal place of abode as the taxpayer for more than one-half of the taxable year, (3) meet certain age requirements, (4) not have provided over one-half of such individual's own support for the relevant period, and (5) not have filed a joint return for that year.  Sec. 152(c)(1).  Respondent concedes that H.E. satisfies the age, relationship, and support requirements of section 152(c).  The parties dispute only whether H.E. lived with petitioner for more than one-half of 2014.

Section 24(a) provides a tax credit with respect to each qualifying child of the taxpayer for whom the taxpayer is allowed a deduction under section 151. The term "qualifying child" is defined as a "qualifying child of the taxpayer (as defined in section 152(c)) who has not attained age 17."  Sec. 24(c)(1).

Section 32(a)(1) allows an eligible individual an earned income tax credit. Section 32(c)(1)(A)(i) defines an "eligible individual" as an individual who has a qualifying child for the taxable year.  The term "qualifying child" means a "qualifying child of the taxpayer (as defined in section 152(c), determined without regard to paragraph (1)(D) thereof and section 152(e))."  Sec. 32(c)(3)(A).

Section 1(b) prescribes a relatively favorable tax schedule for a taxpayer who qualifies as a "head of household".  A head of household, as relevant herein,

is an individual taxpayer who: (1) is unmarried as of the close of the taxable year and is not a surviving spouse; and (2) maintains as his home a household that constitutes for more than one-half of the taxable year the principal place of abode, as a member of such household, of (a) "a qualifying child of the individual (as defined in section 152(c), determined without regard to section 152(e))", or (b) "any other person who is a dependent of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for such person under section 151". Sec. 2(b).

Respondent concedes that petitioner is entitled to prevail on all of these issues if H.E. had the same principal place of abode as petitioner for more than one-half of 2014.

2. <u>Whether H.E. Had the Same Principal Place of Abode as Petitioner for More Than One-Half of 2014</u>

Respondent points out that (1) the letter from Messina Pediatrics does not say where H.E. lived during most of 2014; (2) the 2015 and 2016 custody orders do not give petitioner custody over H.E. for more than one-half of the time after October 28, 2015; (3) the USPS change of address form of unknown authorship says H.E.'s address changed from apartment S to apartment E in December 2014; (4) petitioner did not include a Form 8332 with his Form 1040 for 2014; and (5) there were anomalies in petitioner's testimony.

3.    Petitioner's Testimony

This case will be decided in part on the basis of our assessment of the credibility of petitioner's testimony that H.E. had the same principal place of abode as petitioner for more than one-half of 2014.  We decide whether a witness' testimony is credible by relying on objective facts, the reasonableness of the testimony, the consistency of statements made by the witness, and the demeanor of the witness.  See Quock Ting v. United States, 140 U.S. 417, 420-421 (1891); Wood v. Commissioner, 338 F.2d 602, 605 (9th Cir. 1964), aff'g 41 T.C. 593 (1964); Pinder v. United States, 330 F.2d 119, 124-125 (5th Cir. 1964); Concord Consumers Hous. Coop. v. Commissioner, 89 T.C. 105, 124 n.21 (1987).  We may discount testimony which we find to be unworthy of belief, see Tokarski v. Commissioner, 87 T.C. 74, 77 (1986), but we may not arbitrarily disregard testimony that is competent, relevant, and uncontradicted, see Conti v. Commissioner, 39 F.3d 658, 664 (6th Cir. 1994), aff'g and remanding 99 T.C. 370 (1992), and T.C. Memo. 1992-616.

Petitioner testified that H.E. resided with him in apartment E throughout 2014.  Petitioner also testified that Ms. Anthony sometimes asked whether she could take H.E. for a period, such as one or two days, and that he always agreed to those requests.  Respondent points out that saying H.E. lived with him during "all"

of 2014 is inconsistent with petitioner's testimony that H.E. sometimes spent some days with Ms. Anthony, but we do not believe those two statements undermine petitioner's contention that H.E. had the same principal place of abode as petitioner for more than one-half of 2014.

4. <u>Documentary Evidence</u>

The letter from Messina Pediatrics shows that H.E. lived with petitioner during November and December 2014. The letter from H.E.'s school shows that H.E. lived with petitioner in August 2015. We do not consider the December 4, 2014, USPS change of address form because the record does not show who provided that information.

Respondent infers from the 2015 and 2016 joint custody orders, which resulted from a custody suit brought by petitioner, that H.E. did not have the same principal place of abode as petitioner for more than one-half of 2014 and that petitioner brought the custody case in order to expand the extent of his custody for H.E. However, petitioner testified, in effect, that he initiated that suit because he wanted a more formalized custody arrangement. Petitioner's account is credible on the basis of this record.

Respondent points out that Ms. Anthony claimed H.E. as a dependent and did not provide a Form 8332 to petitioner waiving her right to do so, but this

seems no more noteworthy in establishing H.E.'s residence than the fact that petitioner also claimed her as a dependent and, apparently, did not provide a Form 8332 to Ms. Anthony.

The gaps in the documentary evidence for 2014, the documentary evidence for 2015-16, and the anomalies in petitioner's testimony do not undermine petitioner's overall testimony.

5. <u>Conclusion</u>

On this record, we find that H.E. had the same principal place of abode as petitioner for more than one-half of 2014. Thus, H.E. was petitioner's qualifying child as defined in section 152(c) for 2014, and, in the light of respondent's concessions, petitioner is entitled to the dependency exemption, the child tax credit, the earned income tax credit, and head of household filing status with respect to H.E. for 2014.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for petitioner</u>.