T.C. Memo. 1997-523


UNITED STATES TAX COURT


CAROL ANDERSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 15248-96.                    Filed November 19, 1997.


Carol Anderson, pro se.

<u>Reginald R. Corlew</u>, for respondent.


MEMORANDUM OPINION


DINAN, <u>Special Trial Judge</u>:   This case was heard pursuant

to the provisions of section 7443A(b)(3) and Rules 180, 181, and

182.[1]

---

[1]   Unless otherwise indicated, all section references are
to the Internal Revenue Code in effect for the taxable years in
issue.  All Rule references are to the Tax Court Rules of
Practice and Procedure.

Respondent determined deficiencies in petitioner's Federal income taxes for 1992 and 1993 in the amounts of $4,650 and $2,148, respectively, and accuracy-related penalties pursuant to section 6662(a) in the amounts of $927 and $430, respectively.

After concessions by petitioner,[2] the issues remaining for decision are: (1) Whether petitioner is entitled to dependency exemption deductions for her two nieces and two nephews for 1992; (2) whether petitioner is entitled to claim head of household filing status for 1992; (3) whether petitioner is entitled to child care credits for 1992 and 1993; (4) whether petitioner is entitled to business expense deductions for 1992 in excess of the amount allowed by respondent; (5) whether petitioner is liable for self-employment tax for 1992; (6) whether petitioner is entitled to a medical expense deduction for 1993; and (7) whether petitioner is liable for the section 6662(a) accuracy-related penalties for 1992 and 1993.

Some of the facts have been stipulated and are so found. The stipulations of fact and attached exhibits are incorporated herein by this reference. Petitioner resided in Miami, Florida, on the date the petition was filed in this case.

Petitioner works as a claims processor for Ryder Truck Rental in its warranty department. During January and February

---

[2] Petitioner concedes that she received and failed to report interest income in the amount of $47 and dividend income in the amount of $45 for the 1992 taxable year.

1992, petitioner also had a second, part-time job promoting credit cards at shopping malls and college campuses.

Petitioner and her husband, Morris Richard Anderson (Mr. Anderson), were married on October 18, 1990. Marital difficulties arose, and Mr. Anderson vacated the marital residence in 1991 and never returned. They are not legally separated or divorced. Petitioner has a daughter, Morcie Anderson, who was born in October 1993.

Petitioner's sister-in-law was a drug addict who was in and out of drug rehabilitation programs during 1992. From March 1992 until December 1992, petitioner's two nieces, Shannon Givens and Timpest Givens, and two nephews, Benjamin Givens and Daniel Wilcher, stayed at petitioner's home.

The first issue for decision is whether petitioner is entitled to dependency exemption deductions for her two nieces and two nephews for 1992. Petitioner claimed dependency exemption deductions for Shannon, Timpest, Benjamin, and Daniel on her 1992 return. Respondent disallowed the claimed deductions in the statutory notice of deficiency.

Respondent's determinations in the statutory notice of deficiency are presumed to be correct, and petitioner bears the burden of proving otherwise. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). In deciding whether this burden is satisfied, the Court is not bound to accept petitioner's self-serving, unverified, and undocumented testimony. Wood v.

Commissioner, 338 F.2d 602, 605 (9th Cir. 1964), affg. 41 T.C. 593 (1964); Niedringhaus v. Commissioner, 99 T.C. 202, 219-220 (1992); Tokarski v. Commissioner, 87 T.C. 74, 77 (1986); Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).  Taxpayers are required to substantiate amounts claimed as deductions, credits, etc., by maintaining the records needed to establish such entitlement.  Sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

An individual taxpayer is allowed as a deduction in computing taxable income an additional exemption for each dependent as defined in section 152.  Sec. 151(c)(1).  A dependent is generally defined as an individual who receives over half of his support from the taxpayer in the calendar year in which the taxpayer's taxable year begins.  Sec. 152(a). Individuals listed under this general definition include, among others, an individual who is a son or daughter of a brother or sister of the taxpayer.  Sec. 152(a)(6).

Respondent argues that petitioner failed to meet the support requirements of section 152(a).  We agree.  Petitioner presented no records to establish that she provided more than half of her nieces' and nephews' support during 1992.  She has not convinced us that the children were not supported by public assistance payments received by their mother or amounts received from their father (petitioner's brother).  In the absence of any corroborating evidence, we find that petitioner has not proved

that she provided more than half of the support for her nieces and nephews during 1992. Accordingly, we hold that petitioner is not entitled to dependency exemption deductions for 1992 for her two nieces and two nephews.

The second issue for decision is whether petitioner is entitled to claim head of household filing status for 1992. In the statutory notice of deficiency, respondent determined that petitioner's proper filing status for 1992 is married filing separate.

"Head of household" is defined, in pertinent part, as an unmarried taxpayer who maintains a household which constitutes for more than one half of the taxable year the principal place of abode of a son, daughter, or other qualifying individual, if the taxpayer is entitled to a dependency exemption deduction for such individual under section 151. Sec. 2(b)(1)(A)(ii). We hold that petitioner may not claim head of household status because, as we have held above, she is not entitled to deductions for her nieces and nephews under section 151 and thus does not meet the definition of head of household. Respondent's determination on this issue is sustained.

The third issue for decision is whether petitioner is entitled to child care credits for 1992 and 1993. Petitioner claimed credits on her 1992 and 1993 returns in the amounts of $900 and $1,428, respectively. Respondent disallowed the claimed

credits on the ground that petitioner did not establish that the amounts claimed were paid for child care expenses.

Section 21(a) generally allows a credit to any individual who:  (1) Maintains a household that includes as a member one or more qualifying individuals, and (2) pays employment-related expenses.  The allowable credit is generally based upon employment-related expenses that are paid to enable the taxpayer to be gainfully employed, including expenses paid for the care of a qualifying individual.  Sec. 21(b)(2).

On her 1992 and 1993 returns, petitioner claimed that she paid $4,500 each year to a care provider by the name of Mary Jones.  However, petitioner testified at trial that the care provider's name was Ella Kennedy, and she paid her $50 per week to care for her nephew, Daniel, during 1992 and her daughter, Morcie, during 1993.  We are entirely unpersuaded by petitioner's testimony which is not supported by any credible evidence.  The alleged payments would account for only $2,600 of expenses per year if made over an entire year, and neither Daniel nor Morcie was under petitioner's care for an entire year.  We find that petitioner has failed to prove that the amounts claimed were paid for child care expenses.  We hold that petitioner is not entitled to child care credits for 1992 and 1993.

The fourth issue for decision is whether petitioner is entitled to business expense deductions for 1992 in excess of the amount allowed by respondent.  Petitioner claimed Schedule C

business expenses on her 1992 return in the total amount of $6,392.  In the statutory notice of deficiency, respondent disallowed $6,172 of the claimed expenses.

Section 162(a) allows a deduction for the ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business.  In the event that a taxpayer establishes that she has paid a deductible expense, but is unable to substantiate the precise amount of the expense, we may estimate the amount of the deductible expense.  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  In order to make such an estimate, the taxpayer must present evidence sufficient to provide some rational basis upon which an estimate may be made.  Vanicek v. Commissioner, 85 T.C. 731, 743 (1985).

Based on the record, we find that petitioner has failed to substantiate the business expense deductions claimed on her 1992 return in connection with her promotion activities.  Further, she has not provided the Court with any evidence that would allow us to make an estimate of her deductible business expenses under the Cohan rule.  Therefore, we hold that she is not entitled to business expense deductions for 1992 in excess of the amount allowed by respondent.

The fifth issue for decision is whether petitioner is liable for self-employment tax for 1992.  After accounting for her allowed deductions, petitioner realized net income in the amount

of $2,199 from her promotion activities. Respondent determined that such amount is subject to self-employment tax.

Section 1401(a) imposes a tax on self-employment income for old-age, survivors, and disability insurance. An additional tax for hospital insurance is imposed on self-employment income pursuant to section 1401(b). Self-employment income is defined as the net earnings from self-employment derived by an individual during any taxable year. Sec. 1402(b). The phrase "net earnings from self-employment" is in turn defined as gross income derived by an individual from any trade or business carried on by such individual, less any attributable deductions. Sec. 1402(a).

Based on the record, we find that petitioner has not established that her promotion activities do not constitute a trade or business carried on by her in her individual capacity. She presented no reliable evidence that she is properly treated as an employee of another person with respect to her promotion activities. Accordingly, we hold that petitioner is liable for self-employment tax as determined by respondent.

The sixth issue for decision is whether petitioner is entitled to a medical expense deduction for 1993. Petitioner claimed a medical expense deduction in the amount of $10,082 on her 1993 return. In the statutory notice of deficiency, respondent disallowed the claimed deduction.

Section 213(a) allows as a deduction the expenses paid during the taxable year, not compensated for by insurance or

otherwise, for medical care of the taxpayer. The deduction is limited to expenses paid during the taxable year which exceed 7.5 percent of the taxpayer's adjusted gross income. Petitioner's adjusted gross income limitation on her deduction for medical expenses is $2,801.

Petitioner admitted at trial that the amount of her medical expenses was overstated by $10,000 due to a clerical error. She maintains, however, that she paid out-of-pocket medical expenses of between $2,000 and $3,000 during 1992 for her prenatal and postnatal care which were not covered by her medical insurance through her job at Ryder Truck Rental. However, she did not obtain any records which show what portions of her medical expenses were paid by her insurance and herself. We find that petitioner has failed to meet her burden of proof with regard to her medical expenses. Rule 142(a). Respondent's determination is sustained on this issue.

The seventh issue for decision is whether petitioner is liable for the section 6662(a) accuracy-related penalties for 1992 and 1993. Respondent's determinations of negligence are presumed to be correct, and petitioner bears the burden of proving that the penalties do not apply. Rule 142(a); Welch v. Helvering, 290 U.S. at 115; Bixby v. Commissioner, 58 T.C. 757, 791-792 (1972).

Section 6662(a) imposes a 20-percent penalty on the portion of the underpayment attributable to any one of various factors,

one of which is negligence or disregard of rules or regulations. Sec. 6662(b)(1). Respondent determined that petitioner is liable for the accuracy-related penalty imposed by section 6662(a) for her underpayments of taxes in 1992 and 1993, and that such underpayments were due to negligence or disregard of rules or regulations. "Negligence" includes a failure to make a reasonable attempt to comply with the provisions of the Internal Revenue laws or to exercise ordinary and reasonable care in the preparation of a tax return. Sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. "Disregard" includes any careless, reckless, or intentional disregard of rules or regulations. Sec. 6662(c); sec. 1.6662-3(b)(2), Income Tax Regs.

Section 6664(c)(1), however, provides that the penalty under section 6662(a) shall not apply to any portion of an underpayment, if it is shown that there was reasonable cause for the taxpayer's position with respect to that portion and that the taxpayer acted in good faith with respect to that portion. The determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. The most important factor is the extent of the taxpayer's effort to assess her proper tax liability for the year. Id.

Based on the record, we find that petitioner has not proved that her underpayments were due to reasonable cause or that she

acted in good faith.  Accordingly, we hold that petitioner is liable for the section 6662(a) accuracy-related penalties as determined by respondent.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.