T.C. Memo. 2000-376

UNITED STATES TAX COURT

WILLIAM JOEL ASHLEY, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11673-99.                    Filed December 13, 2000.

William J. Ashley, pro se.

Jean Song, for respondent.

MEMORANDUM OPINION

VASQUEZ, Judge:  Respondent determined the following
deficiencies in and additions to petitioner's 1992 and 1994
Federal income taxes:

| Tax Year | Deficiency | Additions to Tax | |
|---|---|---|---|
| | | Sec. 6651(a) | Sec. 6654(a) |
| 1992 | $1,676 | $419 | — |
| 1994 | 70,074 | 17,519 | $3,611 |

All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

After concessions,[1] the first set of issues for decision is whether petitioner incurred a gain or a loss on the disposition of residential real property and whether the gain or loss should be treated as ordinary or capital. Subsumed within this first set of issues are the questions of whether petitioner has adequately substantiated the expenditures claimed for the residential real property and whether that property was primarily held for sale to customers in the ordinary course of a trade or business.

The second set of issues deals with whether petitioner is entitled to a variety of deductions pursuant to sections 163, 164, 165, and 170. Finally, we must decide whether petitioner is liable for the additions to tax under sections 6651(a) and 6654(a).

We combine our findings of fact and opinion under each separate issue heading. Some of the facts have been stipulated and are so found. The stipulation of facts, the supplemental stipulations of facts, and the attached exhibits are incorporated

---

[1] Respondent concedes the tax deficiency and sec. 6651(a) addition to tax for 1992. For the 1994 tax year, the parties agree that petitioner realized the following income: (1) A $107 net short-term capital gain, (2) $41 in dividend income, and (3) $6,025 in interest income.

herein by this reference.  At the time he filed his petition, petitioner resided in Los Angeles, California.

I.  Residential Real Property

On March 29, 1985, petitioner purchased residential real property located at 127 N. 31st Avenue, Longport, New Jersey (Longport property), for $106,000.  Petitioner, however, did not reside at the Longport property.  In 1985, petitioner expended significant amounts in renovating the property.  During and subsequent to 1985, petitioner purchased furniture, appliances, and various household items for the purpose of renting the Longport property primarily as a summer vacation home.  On September 30, 1994, petitioner sold the property for $216,000.

A.  Gain or Loss on Disposition of Property

In the notice of deficiency, respondent asserted that the entire $216,000 generated from the Longport property was subject to tax.[2]  Subsequent to the issuance of the notice of deficiency, in June of 1999, petitioner filed a tax return for 1994 with the Internal Revenue Service Center in Fresno, California.  Using Form 4797, Sales of Business Property, petitioner claimed a $140,000 ordinary loss on the 1994 tax return with regard to the Longport property.

In exhibits submitted to the Court, petitioner now claims

_____

[2]  Respondent now concedes that petitioner is entitled to an offset of $106,000 (subject to depreciation) for the initial investment in the Longport property.

only a $73,651.92 ordinary loss.  Petitioner computes the loss on
the sale of the Longport property by claiming an adjusted basis
of $289,651.92 in the property against the sales proceeds of
$216,000.

Petitioner computes the $289,651.92 adjusted basis for the
Longport property as follows:

| | | |
|---|---|---|
| Initial Purchase Price | | $106,000.00 |
| +Improvements & Repairs | | |
| 1985 | $27,496.58 | |
| 1986 | 1,371.05 | |
| 1987 | 1,525.32 | |
| 1988 | 3,500.44 | |
| 1989 | 881.37 | |
| 1990 | 304.07 | |
| 1991 | 2,117.00 | |
| 1992 | 0.00 | |
| 1993 | 5,637.07 | |
| 1994 | 6,370.40 | |
| Total | | 49,203.30 |
| +Costs in Anticipation of Sale | | 2,250.00 |
| +Closing Costs of Sale | | [1]2,834.31 |
| +Personal Property | | 10,509.89 |
| +1994 Operating Costs | | 13,306.08 |
| +Section 263A Capitalization | | 105,548.34 |
| Adjusted Basis | | 289,651.92 |

[1]  Respondent concedes that these costs should be
allowed to petitioner.

Petitioner contends that because he engages in the trade or
business of restoring homes and historical properties for the
purpose of resale, he was obligated to capitalize all the amounts
allegedly expended on the Longport property into the adjusted
basis of the property.  Specifically, petitioner asserts that
section 263A requires capitalization of various operating
expenditures (such as insurance, refinancing, interest, and real
estate tax expenses allegedly paid from 1987 to 1993).

Respondent asserts that petitioner was merely an investor in the Longport property, was not entitled to capitalize any of the claimed expenditures under the tax law, and in any event has failed to substantiate most of those expenditures. Further, respondent asserts that petitioner operated the Longport property as a summer rental.

We must decide the appropriate amounts for the amount realized and the adjusted basis in order to arrive at the gain or loss on the sale of the Longport property. See sec. 1001. Before we address the items to be included in the adjusted basis computation, we conclude that the amount realized consists of the sales proceeds of $216,000 less costs related to the sale ($2,834.31 + $1,500), which petitioner has substantiated.

In order to determine the adjusted basis of the Longport property, we first address petitioner's argument that his trade or business encompasses selling restored properties. Section 263A(b)(2)(A) provides that the capitalization rules of section 263A will apply to real property "described in section 1221(1) which is acquired by the taxpayer for resale."[3] To meet the requirements of section 1221(1), the real property must be "property held by the taxpayer primarily for sale to customers in

---

[3] Petitioner does not contend that the property, in whole or in part, was produced by him within the meaning of sec. 263A(b)(1); we therefore give no consideration to that provision. Further, the record does not reflect operating costs with regard to the improvements made by the taxpayer which could be capitalized pursuant to sec. 263A(b)(1).

the ordinary course of his trade or business".

In deciding whether a taxpayer holds property "primarily for sale to customers in the ordinary care of his trade or business", the Court must evaluate the particular facts of each case. The Court considers various factors such as: (1) The purpose for which the property was initially acquired; (2) the purpose for which the property was subsequently held; (3) the extent to which improvements, if any, were made to the property by the taxpayer; (4) the frequency, number, and continuity of sales; (5) the extent and nature of the transactions involved; (6) the ordinary business of the taxpayer; (7) the extent of advertising, promotion, or other active efforts used in soliciting buyers for the sale of the property, (8) the listing of property with brokers; and (9) the purpose for which the property was held at the time of sale. See Maddux Constr. Co. v. Commissioner, 54 T.C. 1278, 1284 (1970); Hustead v. Commissioner, T.C. Memo. 1994-374.

The record does not support a finding that petitioner was in the business of renovating buildings for resale. At most, the record supports that petitioner made an investment in the Longport property, which was subsequently converted into a rental real estate business as a result of a depressed real estate market. Petitioner's operating expenditures (1987 through 1993

and 1994) therefore are not subject to capitalization under the rules of section 263A or the Treasury regulations thereunder. Petitioner's adjusted basis in the Longport property, however, will include the property's purchase price ($106,000) reduced by allowed or allowable depreciation. See secs. 1011, 1012, 1016.

Pursuant to section 263, "any amount paid out for * * * permanent improvements or betterments made to increase the value of any property" must be capitalized. This includes any amount paid or incurred which adds to the value, or substantially prolongs the useful life, of property owned by the taxpayer. See sec. 1.263(a)-1(b), Income Tax Regs. However, amounts paid or incurred for incidental repairs and maintenance of property are not subject to capitalization. See id. Incidental repairs and maintenance expenses do not materially add to the value of the property nor appreciably prolong its useful life, but merely keep it in an ordinarily efficient operating condition. See sec. 1.162-4, Income Tax Regs.

Respondent argues that all of the expenses characterized as "Improvements and Repairs" by petitioner constitute incidental repairs and maintenance which should be treated as ordinary and necessary expenses under section 162. After reviewing the record, however, we feel that there is sufficient evidence to indicate that petitioner completed various projects and expended significant amounts that materially added value to the property

or substantially prolonged its useful life.  We therefore find
that because petitioner has substantiated the following capital
expenditures, they should be added to the adjusted basis of the
Longport property:

### Capital Expenditures[1]

| | |
|---|---|
| 1985 | $18,838.49 |
| 1986 | 1,437.26 |
| 1987 | 1,525.32 |
| 1988 | 3,358.68 |
| 1989 | 0.00 |
| 1990 | 304.07 |
| 1991 | 2,117.00 |
| 1992 | 0.00 |
| 1993 | 5,637.07 |
| 1994 | 6,056.07 |
| Total | 39,273.96 |

[1]  For a breakdown of the capital
expenditures, see the appendix.

We, however, note that this amount, like the purchase price, is
subject to reduction after considering the allowance for
depreciation.

A review of the amount realized and adjusted basis
computations (without accounting for depreciation) reveals that
petitioner sold the Longport property at a gain.[4]  Although this

---

[4]  There is evidence in the record suggesting that other
individuals were involved in this venture.  Petitioner, however,
claims entirely for himself the loss that he has computed for the
Longport property.  Because the weight of the evidence suggests
that petitioner was running the operation primarily for his own
benefit and because petitioner argues that the entire alleged
loss should be allocated to him, we agree with respondent that
the gain calculated with regard to the sale of the Longport
(continued...)

gain is not subject to the section 1221 capital gain preference as a result of the application of section 1221(2), petitioner's gain does receive preferential treatment under section 1231. But see sec. 1250.

As a final matter, petitioner claims that he received the sales proceeds on account of the Longport property and certain personal property, such as appliances purchased for the rental unit. We find petitioner's claim credible. We therefore allocate $1,000 of the sales proceeds to the sale of a refrigerator and washer/dryer and conclude that the following amounts (which petitioner has substantiated) should constitute the adjusted basis of the personal property:

| Personal Property | Date of Purchase | Amount |
|-------------------|------------------|--------|
| Refrigerator | Nov. 7, 1985 | $1,010.69 |
| Washer/Dryer | May 18, 1993 | 881.02 |

Petitioner, however, must reduce the adjusted basis of this property as well for depreciation allowed or allowable. See secs. 1231 and 1245 with regard to the characterization of the gain or loss.

B. Operating Expenditures

Deductions are a matter of legislative grace, and petitioner bears the burden of proving that he is entitled to the deductions

---

[4](...continued)
property should be allocated solely to petitioner.

claimed.[5]  See Rule 142(a); <u>INDOPCO, Inc. v. Commissioner</u>, 503 U.S. 79 (1992); <u>New Colonial Ice Co. v. Helvering</u>, 292 U.S. 435 (1934).  Taxpayers are required to maintain records that are sufficient to enable the Commissioner to determine their correct tax liability.  See sec. 6001; sec. 1.6001-1(a), Income Tax Regs. In addition, the taxpayer bears the burden of substantiating the amount and purpose of the item for the claimed deduction.  See <u>Hradesky v. Commissioner</u>, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

At trial, petitioner, in addition to his section 263A capitalization argument, referred to the operating expenditures that he claims for prior years as being subject to the passive activity rules and argued that they had been suspended.  While we agree that petitioner's rental activity was subject to the passive activity rules of section 469, petitioner has not proved that he had losses which were suspended in prior years. Petitioner, however, is entitled to deduct the operating expenses

---

[5]  The Internal Revenue Service Restructuring & Reform Act of 1998, Pub.L. 105-206, sec. 3001, 112 Stat. 685, 726, added sec. 7491, which is applicable to court proceedings arising in connection with examinations commencing after July 22, 1998. Under sec. 7491, Congress requires the burden of proof to be shifted to the Commissioner, subject to certain limitations, where a taxpayer introduces credible evidence with respect to factual issues relevant to ascertaining the taxpayer's liability for tax.  In the instant case, petitioner has not raised the application of this provision.  Further, although petitioner, in addressing other matters, stated at trial that respondent conducted an examination in 1998, we cannot ascertain from the record whether the Commissioner's examination commenced after July 22, 1998, in order even to consider whether sec. 7491 is applicable in this case.

he incurred and paid in 1994.  The parties have stipulated that these expenditures amount to $13,215.94.[6]

Finally, we address petitioner's claim that $4,782.15 in refinancing costs must be included in the adjusted basis of the Longport property.  While we agree that expenses incurred in connection with securing a loan must be capitalized, we have previously stated that those expenses must be amortized and deducted over the life of the loan.  See The Austin Co. v. Commissioner, 71 T.C. 955, 965 (1979); Buddy Schoellkopf Prods., Inc. v. Commissioner, 65 T.C. 640, 649 (1975).  If the loan is repaid prior to maturity, however, "the unamortized expenses may be fully deducted in the year of repayment."  Buddy Schoellkopf Prods., Inc. v. Commissioner, supra at 649; see Anover Realty Corp. v. Commissioner, 33 T.C. 671, 674 (1960).  We estimate the unamortized costs at $3,800, which petitioner is entitled to deduct.  See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930), affg. in part and remanding in part 11 B.T.A. 743 (1928).

II.  Schedule A, Itemized Deductions

In documents submitted to the Court, petitioner claims (1) a $70,078.01 deduction for casualty losses to his real and personal property, (2) a $3,244.08 and a $26,691.43 deduction for taxes and interest, respectively, with regard to two homes, and (3) a

---

[6]  We note that petitioner is also entitled to a deduction for depreciation relating to 1994.  The benefit that petitioner receives from the depreciation deduction for 1994, however, is offset by a lower adjusted basis in the Longport property and the personal property.

$450 charitable contribution.

A. <u>Casualty Losses</u>

Pursuant to section 165(a) and (c)(3), a taxpayer is allowed a deduction for an uncompensated loss that arises from fire, storm, shipwreck, or other casualty. Section 165(h), however, states that any "loss * * * shall be allowed only to the extent that the amount of the loss to such individual arising from each casualty * * * exceeds $100" and only to the extent that the net casualty loss "exceeds 10 percent of the adjusted gross income". Petitioner has the burden of proving the casualty losses. See Rule 142(a).

The proper measure of the amount of the loss sustained is the difference between the fair market value of the property immediately before and after the casualty, not to exceed its adjusted basis. See sec. 1.165-7(b)(1), Income Tax Regs. The fair market values required by the Treasury regulations must generally be ascertained by competent appraisal. See sec. 1.165-7(a)(2)(i), Income Tax Regs. As an alternative, the Treasury regulations provide that if the taxpayer has repaired the property damage resulting from the casualty, the taxpayer may use the cost of repairs to prove the casualty loss. See sec. 1.165-7(a)(2)(ii), Income Tax Regs. Estimates of the cost of repairs, however, are not evidence of the actual costs of repairs unless the repairs are actually made. See <u>Lamphere v. Commissioner</u>, 70 T.C. 391, 396 (1978); <u>Farber v. Commissioner</u>, 57 T.C. 714, 719 (1972).

Petitioner claims a casualty loss deduction in the amount of $72,708.01 constituting one-half of the damages to his residence (since he jointly owns the home with another individual) and all the damages to his personal property from an earthquake in 1994. Although petitioner has not provided any reliable appraisals with regard to the fair market values of the damaged property,[7] petitioner has provided the Court with several proposals and contracts describing the estimated costs for repairs to his personal residence and various insurance checks made out to the order of petitioner and the other joint owner.[8] Petitioner, however, has failed to support the proposals and contracts with other documentary evidence[9] showing that the repairs were actually undertaken and the contract amounts paid.[10] We

---

[7] At trial, petitioner introduced an appraisal for his personal property which was admitted into evidence. After reviewing the document more closely, we do not place any weight on the opinions expressed in that document.

[8] Petitioner also submitted a document describing $2,000 worth of repairs for a piano allegedly damaged in the 1994 earthquake. We are unable to ascertain whether this document purports to be an estimate or a receipt for services rendered.

[9] Although we do not expect petitioner to be familiar with the intricacies of the tax law, we do expect petitioner, a law school graduate, to at least present some evidence of payment, such as canceled checks.

[10] In addition, sec. 1.165-7(a)(2)(ii), Income Tax Regs., requires the taxpayer to show:

> (a) the repairs are necessary to restore the property to its condition immediately before the casualty, (b) the amount spent for such repairs is not excessive, (c) the repairs do not care for more than the damage

(continued...)

therefore reject petitioner's claimed casualty loss deduction.

B. <u>Interest and Real Estate Taxes</u>

Section 163(h) denies deductions for personal interest paid or accrued during the taxable year unless it fits within certain narrowly prescribed categories. Section 163(h)(2)(D), one of those prescribed categories, allows a deduction for interest on a qualified residence. Petitioner submitted Forms 1098, Mortgage Interest Statement, to the Court for two personal residences, claiming only one-half of the reported interest as he jointly owns the properties with another individual. Because his testimony was consistent with the submitted Forms 1098, we allow the deduction for interest. We also allow the real estate taxes claimed with regard to the same properties.

C. <u>Charitable Contributions</u>

The next issue for decision concerns petitioner's claimed deduction for charitable contributions, which respondent disallowed for lack of substantiation. Petitioner testified that the claimed contributions were "donations for AIDS, * * *, support for scholastic issues", which were collected by individuals going "door-to-door". Section 170(a)(1) provides that a charitable deduction is allowed "only if verified under regulations prescribed by the Secretary." For contributions by

---

[10](...continued)
suffered, and (d) the value of the property after the repairs does not as a result of the repairs exceed the value of the property immediately before the casualty.

Petitioner has also failed to prove those requirements.

cash or check, the regulations require the taxpayer to maintain specific records. See sec. 1.170A-13(a), Income Tax Regs. Petitioner did not produce any evidence, beyond his vague and incomplete testimony, to substantiate the $450 claimed contributions of money.[11] Accordingly, he has failed to substantiate the deduction for charitable contributions as required by the Treasury regulations.

III. Section 6651(a) and Section 6654(a) Additions to Tax

Section 6651(a) imposes an addition to tax for a taxpayer's failure to file a required return on or before the specified filing date, including extensions. The addition to tax is inapplicable, however, if the taxpayer shows that the failure to file the return was due to reasonable cause and not to willful neglect. See sec. 6651(a)(1).

Petitioner argues that respondent erred in imposing the section 6651(a) addition to tax because petitioner timely filed his return. Because the record does not support petitioner's contention, we conclude that the addition to tax is warranted if the Rule 155 computations show that petitioner has an underpayment of tax.

On brief, petitioner does not specifically address the section 6654 addition to tax for a taxpayer's failure to make estimated tax payments other than stating that he does not have a

_____

[11] We need not accept a taxpayer's self-serving and uncorroborated testimony. See Wood v. Commissioner, 338 F.2d 602, 605 (9th Cir. 1964), affg. 41 T.C. 593 (1964); Tokarski v. Commissioner, 87 T.C. 74, 77 (1986).

tax liability.  We therefore conclude that petitioner is liable for the section 6654 addition to tax to the extent that the Rule 155 computations show an underpayment of tax.

To the extent not herein discussed, we have considered the parties' other arguments and found them to be irrelevant or without merit.

<u>Decision will be entered under Rule 155</u>.

Appendix

## 1985 Capital Expenditures

| Vendor/Service Provider | Expenditure |
|---|---|
| Schutze's Landscaping & Lawn Maintenance | $300.00 |
| Affordable Mike Moving & Hauling Co. | 150.00 |
| Gilmore Construction Company, Inc. | 13,366.38 |
| Atlantic City Shade Shop | 344.50 |
| Avalon Commercial Corporation | 3,650.00 |
| Kennedy's Farm Market | 131.80 |
| Schutze's Landscaping & Lawn Maintenance | 61.48 |
| Ronnie's Garden Center | 65.89 |
| Pullan Electric Supply Inc. | 149.85 |
| Atlantic City Shape Shop | 24.38 |
| Joe's Farm Market and Garden Center | 102.77 |
| Quaker Interiors | 63.00 |
| Franklin Electric Company | 106.74 |
| Quaker Interiors | 5.00 |
| Nick Nicholas Plumbing & Heating, Inc. | 66.23 |
| Nick Nicholas Plumbing & Heating, Inc. | 250.47 |
| Total | 18,838.49 |

## 1986 Capital Expenditures

| Vendor/Service Provider | Expenditure |
|---|---|
| Kay Building Company | $1,000.00 |
| Nick Nicholas Plumbing & Heating, Inc. | 184.40 |
| Joe's Farm Market and Garden Center | 65.72 |
| Joe's Farm Market and Garden Center | 187.14 |
| Total | 1,437.26 |

## 1987 Capital Expenditures

| Vendor/Service Provider | Expenditure |
|---|---|
| A-1 Plumbing Heating & Air-Conditioning, Inc. | $1,525.32 |

## 1988 Capital Expenditures

| Vendor/Service Provider | Expenditure |
|---|---|
| Frank & Jim's Storm Windows & Doors | $1,423.58 |
| Perrone Door Company, Inc. | 1,262.00 |
| Ace Auto Glass & Mirror Company | 673.10 |
| Total | 3,358.68 |

## 1990 Capital Expenditures

| Vendor/Service Provider | Expenditure |
| --- | --- |
| Bradlees Hardware | $69.92 |
| Frank and Jim's Storm Windows & Doors | 234.15 |
| Total | 304.07 |

## 1991 Capital Expenditures

| Vendor/Service Provider | Expenditure |
| --- | --- |
| A-1 Mechanical Contractors, Inc. | $1,700.00 |
| A-1 Mechanical Contractors, Inc. | 417.00 |
| Total | 2,117.00 |

## 1993 Capital Expenditures

| Vendor/Service Provider | Expenditure |
| --- | --- |
| William Smith Construction Company | $5,000.00 |
| Billows Electric Supply Company | 40.07 |
| William Smith Construction Company | 510.00 |
| Borough of Longport | 87.00 |
| Total | 5,637.07 |

## 1994 Capital Expenditures

| Vendor/Service Provider | Expenditure |
| --- | --- |
| Glick's Painting & Handyman | $5,627.00 |
| Soltz Paint, Inc. | 429.07 |
| Total | 6,056.07 |